## HARRY L. IDE et al.

### *v.*

## CAROLINE FRATCHER, Admx.

*Opinion filed February 21, 1902.*

1. TRIAL—*case should go to the jury if there is evidence tending to support it.* The plaintiff's case must be submitted to the jury if there is evidence which fairly tends to support it.

2. SAME—*what sufficient to go to the jury in an action for negligence.* Whether the negligence of the defendant caused the death of the plaintiff's intestate is properly submitted to the jury under evidence tending to show that the deceased was employed in the defendant's machine shop, and that while passing through the shop in his work he was killed by the bursting of an unprotected emery wheel known by the defendant to be cracked, and which, though not in use at the time, was revolving at a high rate of speed.

3. PLEADING—*pleading to merits waives defects in the declaration.* Pleading to the merits in an action for negligence waives the objection that the declaration failed to allege that plaintiff's intestate, who was a servant of the defendant, did not have notice of the defect in the implement the breaking of which caused his death.

4. APPEALS AND ERRORS—*when error in admitting testimony is cured.* Error in permitting a witness to state that a certain protective appliance to put over emery wheels was in general use is cured by the action of the court in refusing other testimony to that effect, and in stating to the jury that such testimony must be disregarded unless they were instructed to the contrary, and where no such instruction is given.

5. NEGLIGENCE—*neglect of master's own duty is not a peril assumed by a servant.* The care of supplying safe appliances for doing work is a duty which the master owes his servant, and the leaving of

such duty to a fellow-servant does not relieve the master from responsibility for its negligent performance.

6. SAME—*whether servant knew of defect is question of fact.* Whether a servant knew of the defective condition of the appliance the breaking of which caused his death is a question of fact for the jury, and the finding in that regard, when approved by the trial and Appellate Courts, is binding upon the Supreme Court and not open to review.

*Ide* v. *Fratcher,* 96 Ill. App. 549, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

HENRY B. BALE, S. H. CUMMINS, and COX, HELDMAN & SHORTLE, for appellants.

JAMES M. GRAHAM, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an action on the case, brought in the circuit court of Sangamon county by the appellee, as administratrix, against the appellants, to recover damages for negligently causing the death of August Fratcher, her husband.

The declaration contains two counts. The first count charges that on March 23, 1900, the defendants were possessed of and operating a certain machine shop in the city of Springfield, in said county, in which were certain machines and appliances for use in the business of defendants, among which was a certain emery wheel, which was then and there used by the defendants for the purpose of smoothing the surface of steel or iron, and that to accomplish said purpose it was necessary to cause said wheel to revolve at a high rate of speed, to-wit, fifteen hundred revolutions per minute; that said emery wheel was then and there wholly unprotected, uncovered, and without any shield, guard or hood to prevent the pieces of said wheel flying off in case said wheel

broke when revolving; that August Fratcher on said day was in the employ of the defendants as a machinist's helper and was working in said machine shop, and during said day was required by the person in authority over him to go from where he then was to a certain hydrant in the machine shop for a bucket of water, and that deceased was then and there in the exercise of due care and caution; that it was the duty of defendants to so use, manage and operate said machine shop and appliances that it would be a reasonably safe place for the deceased to work in; that the defendants, not regarding their duty, did not so use, manage and operate the machinery and appliances therein that said shop was a reasonably safe place for deceased to work in, but, on the contrary, carelessly and negligently placed therein and maintained and operated said emery wheel without having any guard, hood or protection of any kind around or about it, and carelessly and negligently caused said emery wheel to run at a high rate of speed, to-wit, the rate of fifteen hundred revolutions per minute, when it was not in use for the purpose for which it was intended or for any purpose, said emery wheel being then cracked and defective, as the defendants then knew, yet the defendants carelessly and negligently permitted said wheel to be run at such high rate of speed, and in consequence thereof, while deceased was working for defendants, as aforesaid, and while deceased was crossing said machine shop towards said hydrant and was in the exercise of due care for his own safety, the said emery wheel, while running at such high rate of speed, burst and broke in pieces because of its defective condition, as aforesaid, and the pieces thereof were hurled with great force, and one of them struck deceased and so injured him that he died. The second count charges the same duty and the same breach, and avers that the emery wheel was cracked and defective, and had been in such condition for three weeks prior to the accident. The defendants

pleaded the general issue.   A trial resulted in a verdict in favor of appellee for $2500, upon which verdict, after overruling a motion for a new trial, the court rendered judgment, which judgment has been affirmed by the Appellate Court for the Third District, and a further appeal has been prosecuted to this court.

At the close of the plaintiff's evidence, and again at the close of all the evidence, the appellants moved the court to withdraw the evidence from the jury and to instruct them to find for the defendants, which the court declined to do, to which action of the court in that behalf the appellants excepted, and have assigned as error such ruling in this court.   The evidence for the appellee tended to show that Fratcher, at the time of the injury, was employed in appellants' shop as a machinist's helper; that several emery wheels were in use at the time; that the one that broke was used by the workmen, including Fratcher, for grinding castings; that on the day of the injury Fratcher was directed by his foreman to carry water and throw it upon the bricks which were being taken down from an inside wall which was being removed from the shop, for the purpose of laying the dust; that while passing near the wheel to a waterfaucet, the wheel, while in motion, burst, and he was struck by a piece therefrom and killed; that the wheel was without shield, guard or hood at the time, and had been cracked and in a defective condition for a considerable time before the accident, and that the appellants had notice thereof.   If there is evidence tending to show the plaintiff's right to recover there must be a submission of the case to the jury. (*Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *Baddeley,* 150 Ill. 328.)   Where there is evidence which fairly tends to support the plaintiff's case it must be submitted to the jury. (*Pullman Palace Car Co.* v. *Laack,* 143 Ill. 242.)   It is well settled in this State that an instruction to find for the defendant should be refused where there is evidence tending to

show the plaintiff's right to recover. (*Landgraf* v. *Kuh*, 188 Ill. 484.) We think the evidence fairly tended to show a right of recovery in the plaintiff, and that the court did not err in refusing to take the case from the jury.

It is further assigned as error that the declaration is defective; that the court erred in admitting evidence and in instructing the jury, and that the deceased had notice of the defective condition of the wheel and assumed the risk incident to the bursting thereof by remaining in the employment of appellants. It is urged that the declaration is defective, as it is not averred in either count thereof that the plaintiff's intestate did not know that the wheel was cracked and defective. No demurrer was filed to the declaration, and it was clearly sufficient after verdict. In *Chicago, Burlington and Quincy Railroad Co.* v. *Warner*, 108 Ill. 538, on page 549 the court say: "It is sufficient to say that the defendant, by pleading to the merits, admitted the sufficiency of the declaration.  *  *  * If the defendant desired to question the sufficiency of the declaration it should have demurred or moved in arrest of judgment.  *  *  *  Having done neither, it is unnecessary to determine whether the plaintiff was bound to aver in the declaration he had no notice of the defective construction of the car, as the declaration was clearly sufficient after verdict."

It is urged that the court erred in permitting the appellee to introduce evidence that there is in general use an appliance or device to be placed upon an emery wheel to protect the workmen from injury in case the wheel should burst while in use. While the witness Adams was upon the stand the court permitted him to testify that such appliance or device was in general use and that the wheel in question was not so equipped. The only other witness who was inquired of in regard to the general use of such appliance or device was Mattchen. The court declined to allow him to testify on that subject, and stated to the jury that what had been said about using hoods

to cover emery wheels should not be regarded by them, unless the court should subsequently direct them to consider such testimony. Considerable testimony was afterwards introduced, without objection, by both parties in regard to whether or not the wheel which burst was protected by a hood, and to what extent a hood or covering would protect a person using a wheel if the same should burst, but no further testimony was introduced to show that there was in general use such an appliance or device, and the court at no time instructed the jury to consider the testimony of Adams that such appliance or device was in general use. We are of the opinion the error in permitting the witness Adams to testify that such appliance or device was in general use was cured by the action of the court.

The court gave to the jury, on behalf of the appellee, the following instruction:

"The court instructs the jury that if you believe, from the preponderance of the evidence in this case, that the defendants were guilty of the negligence charged in the declaration, as therein charged, and that the said August Fratcher, now deceased, was injured and killed in consequence of such negligence as charged in the declaration, and if you further believe, from the preponderance of the evidence, that on the occasion and at the time of such injury the said August Fratcher was in the exercise of ordinary and due care and caution for his own safety, then you will find the defendants guilty and assess the plaintiff's damages at such sum as you believe, from a preponderance of the evidence, will compensate the widow and next of kin of said deceased for the pecuniary loss sustained by them on account of the death of said August Fratcher, if any."

—which, it is insisted by the appellants, constitutes reversible error, as it is said it takes from the consideration of the jury the question whether the injury was the result of the negligence of Fratcher's fellow-servants.

The gist of this action is that the wheel was cracked and defective, and that, knowing such fact, the appellants caused the same to be run at a high rate of speed; that by reason of such defect, when being so run, it burst and injured the appellee's intestate while he was in the exercise of due care. The question of fellow-servants was therefore not in the case, as the appellants cannot excuse themselves from their negligent conduct in furnishing a cracked and defective wheel for use in their shop by showing that the fellow-servants of Fratcher permitted the same to be run when it was not in use for the purposes for which it was intended. The negligence of a fellow-servant is one of the ordinary perils of the service which one takes the hazard of in entering into any employment, but the master's own duty to the servant is always to be performed. The neglect of that duty is not a peril which the servant assumes, and care in supplying safe instrumentalities in the doing of the work undertaken by the servant is a duty the master owes to the servant, and when the performance of that duty devolves upon a fellow-servant the master's responsibility in respect to that duty still remains. In such case the negligence of the fellow-servant is the master's neglect of duty. (*Chicago, Burlington and Quincy Railroad Co.* v. *Avery,* 109 Ill. 314; *Leonard* v. *Kinnare,* 174 id. 532.) "Where an injury to a servant is proximately caused, in part, by an act or omission for which the master is responsible and in part by one for which he is not responsible, the master is liable for all the damage in conformity to the general rule as to several contributory wrongdoers. Therefore, it is no defense for a master by whose personal negligence or by the negligence of whose vice-principal a servant has suffered damage, to prove that the negligence of a fellow-servant in common employment * * * contributed to the injury." (Shearman and Redfield on Negligence,—5th ed.—sec. 188.) Furthermore, the law governing the question of fellow-servants

was fully covered in the thirty-fourth and thirty-fifth instructions given to the jury on behalf of the appellants.

There was a sharp conflict in the testimony as to the condition of the emery wheel. The witnesses for the appellee testified it was cracked and defective and had been in that condition for some length of time, and that the appellants were fully informed thereof, while the witnesses for the appellants testified that it was not cracked or defective, but that it was apparently in a safe condition, and attributed the bursting thereof to some latent defect therein. The appellants called a witness who testified that some time prior to the injury Fratcher told him "he understood the wheel was cracked," and it is said that such testimony showed that Fratcher knew the condition of the wheel, made no complaint to the appellants thereof, but remained in their employment, and that by so doing he assumed all risk incident to the bursting of such wheel. It was a question of fact for the jury to determine whether or not Fratcher knew that the wheel was cracked and defective and liable to burst when in use, and in passing upon that question they were not bound to take the testimony of such witness as true, but had the right to take into consideration, in connection therewith, all the facts and circumstances proven in the case bearing upon the knowledge of Fratcher, and had the right to weigh the testimony of the witness who so testified, in view of the other testimony in the case, and to determine, from all the evidence and circumstances proven in the case, whether Fratcher knew the wheel was cracked and defective and dangerous when in use, and they having determined that question in favor of the appellee, which finding of fact has been approved by the trial and Appellate Courts, the same is binding upon this court, and we cannot review the same.

We have examined this record with care, and find no reversible error therein. The judgment of the Appellate Court will therefore be affirmed.                   *Judgment affirmed.*