# THE SARGENT COMPANY

*v.*

## WILLIAM BAUBLIS.

*Opinion filed April 17, 1905—Rehearing denied June 8, 1905.*

1. PLEADING—*after verdict all intendments are in favor of the pleader.* Upon demurrer a declaration is construed against the pleader, but after verdict all intendments and presumptions are in its favor.

2. SAME—*when want of express averment is cured by verdict.* If a declaration contains terms sufficiently general to include, by fair and reasonable intendment, any matter necessary to be proved and without which the jury could not have given the verdict, the want of an express averment of such matter is cured by the verdict.

3. SAME—*declaration must state facts giving rise to duty.* An averment in a declaration for personal injury that defendant owed to plaintiff the duty of furnishing reasonably safe tools is a mere conclusion of the pleader, and is not sufficient unless such facts are stated in the declaration as show that the duty existed.

4. SAME—*what a sufficient averment, after verdict, of relation of master and servant.* A declaration averring that the defendant was engaged in the foundry business and that plaintiff was employed as a laborer in such business; that defendant directed plaintiff to do certain work and that plaintiff did as directed and was injured while engaged in such work, is sufficient, after verdict, in showing the relation of master and servant, so as to raise the duty alleged of providing reasonably safe tools.

5. SAME—*failure to allege nature of defect is cured by verdict.* Failure of a declaration to state in what respect the alleged defective appliance was defective or why its condition was dangerous is cured by verdict.

6. SAME—*failure to aver notice of defect by master or want of notice by servant is cured by verdict.* Failure of a declaration for personal injury, caused by an alleged defective appliance, to aver notice of the defect by the defendant or want of notice by the plaintiff, although good ground for demurrer, is cured by verdict.

7. MASTER AND SERVANT—*allegation that plaintiff used due care is not equivalent to allegation that he did not know of defect.* An allegation that the plaintiff was in the exercise of due care for his safety is not equivalent to an allegation that he did not know of an alleged defect, since, if he had actual or constructive notice of the

defect and thereby assumed the risk of injury, his assumption of the risk would not be affected by the fact that he exercised the utmost care to so use the appliance as to avoid injury.

8. TRIAL—*when refusal to direct verdict is proper.* If plaintiff denies the execution of the release which defendant offers in evidence with testimony contradicting the plaintiff, it is proper for the court to refuse to direct a verdict; and such ruling is not rendered erroneous by the fact that the jury afterwards found specially that plaintiff did execute the release.

9. SAME—*when failure to refund consideration for a release is not ground for directing verdict.* It is proper for the court to refuse to direct a verdict upon the ground that the plaintiff had not refunded the consideration for the release alleged to have been executed by him, where the plaintiff denies that he received any money or executed the release.

10. INSTRUCTIONS—*instructions must be based upon the evidence.* An instruction which states that if the plaintiff was furnished with the usual appliances and surroundings for performing the work in which he was engaged then the defendant had performed its duty, is properly refused, where there is no evidence that the appliance was of the usual and ordinary kind furnished for the work.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

F. J. CANTY, and E. E. GRAY, (R. J. FOLONIE, of counsel,) for appellant.

MORSE IVES, and GEORGE I. HAIGHT, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:.

Appellee recovered a judgment in the superior court of Cook county against appellant for damages on account of the bursting of a grindstone, by which his leg was broken, while he was engaged in the foundry of appellant grinding a "knuckle," which is an appliance weighing about sixty pounds, for coupling cars. The Appellate Court for the First District affirmed the judgment.

The declaration contains two counts, to which the defendant pleaded the general issue, and on the trial the court instructed the jury that the plaintiff could not recover under the second count. The judgment is based upon the first count, and on this appeal it is contended that no cause of action is therein stated and that it is insufficient to support the judgment. Several objections are made to the count, and it is apparent that if it had been demurred to the demurrer must have been sustained. But the rule is different when its sufficiency is questioned upon appeal or error. On demurrer a declaration is construed against the pleader, but after verdict all intendments and presumptions are in its favor. If a declaration contains terms sufficiently general to include, by fair and reasonable intendment, any matter necessary to be proved and without proof of which the jury could not have given the verdict, the want of an express averment of such matter is cured by the verdict. The rule, as often stated, is, "that where there is any defect, imperfection or omission in any pleading, whether in substance or form, which would have been a fatal objection upon demurrer, yet if the issue be such as necessarily required, on the trial, proof of the facts so defectively or imperfectly stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give or the jury would have given the verdict, such defect, imperfection or omission is cured by the verdict." (1 Chitty's Pl. 673.) "Where the statement of the plaintiff's cause of action, and that only, is defective or inaccurate, the defect is cured by a general verdict in his favor, because, 'to entitle him to recover, all circumstances necessary, in form or substance, to complete the title so imperfectly stated must be proved at the trial,' and it is therefore 'a fair presumption that they were proved.' But where no cause of action is stated the omission is not cured by verdict, for as no right of recovery was necessary to be proved or could have been legally proved under such a declaration, there can be no ground for presuming that it was

proved at the trial." (Gould's Pl. 463; *Chicago and Eastern Illinois Railroad Co.* v. *Hines,* 132 Ill. 161; *Chicago and Alton Railroad Co.* v. *Clausen,* 173 id. 100; *Baltimore and Ohio Southwestern Railway Co.* v. *Keck,* 185 id. 400; *City of Chicago* v. *Lonergan,* 196 id. 518.) A verdict will aid a defective statement of a cause of action by supplying facts defectively or imperfectly stated or omitted which are within the general terms of the declaration, but where no cause of action is stated the omission is not cured by verdict. If, with all the intendments in its favor, the declaration is so defective that it will not sustain a judgment, such defects may be taken advantage of on appeal or error.

The first objection made to the declaration is, that it fails to allege facts showing any relation between the parties from which the law would create any duty from the defendant to the plaintiff. The declaration alleges that it was the duty of the defendant to furnish for the plaintiff reasonably safe tools and appliances for use in the work in which he was engaged. The allegation of duty is a conclusion of law which was not traversable without a statement of facts from which the law would raise the duty. A declaration must state such facts as will show that a duty exists. (*Ayers* v. *City of Chicago,* 111 Ill. 406; *Taylor* v. *Felsing,* 164 id. 331; *Schueler* v. *Mueller,* 193 id. 402.) In this case the declaration is intended to show the relation of master and servant between the parties, but it contains no express allegation that the plaintiff was in the employ of the defendant or was its servant. The averments in that respect are, that the defendant was in the business of operating a foundry in the city of Chicago; that in said business the plaintiff was employed as a laborer; that the plaintiff was directed by the defendant to use the grindstone in question in the grinding of certain articles called "knuckles," and that plaintiff did as he was directed, and was engaged in the grinding of said knuckles upon said grindstone when he was injured. It is insisted that these averments do not show the relation of master and

servant, and it must be conceded that they only do so in-directly. A master is one who has the direction and control of another performing services for him, and if one is subject to the orders and directions of another in the performance of services and duties he is a servant. (*Consolidated Fire Works Co.* v. *Koehl,* 190 Ill. 145; *Grace & Hyde Co.* v. *Probst,* 208 id. 147.) We think the averments must be re-garded, after verdict, sufficient to show the relation of mas-ter and servant and to create the duty alleged.

It is next contended that the declaration is fatally de-fective in not alleging any actionable negligence. The negli-gence alleged is, that the defendant negligently and carelessly permitted the grindstone to be and remain in a defective and dangerous condition, and there is no statement what defect existed in it or how or why it was dangerous. This objec-tion to the generality of the statement, without setting out the nature of the alleged defect, is one that should have been taken by demurrer, and the defect was cured by the verdict. (*Chicago, Burlington and Quincy Railroad Co.* v. *Har-wood,* 90 Ill. 425.) The objection to the first count of the declaration in the case of *Baltimore and Ohio Southwestern Railway Co.* v. *Keck, supra,* was that it failed to allege in what respect the defendant was negligent, but it was said that the defect, although it might have been fatal on demur-rer, was cured by the verdict.

A much more serious defect in the declaration is the failure to allege facts showing that the defendant knew, or ought to have known, of the defect, and a lack of knowledge by the plaintiff. Counsel for appellee say that they do not question the rule that notice to the defendant and want of knowledge on the part of the plaintiff should be averred, but they contend that such facts were sufficiently stated, and that any omission in that respect was cured by the verdict. In order to recover it was necessary for the plaintiff to estab-lish the three propositions: that the appliance was defective; that the defendant had knowledge thereof or ought to have

had, and that he did not know of the defect and was not chargeable with knowledge of it. (*Goldie* v. *Werner,* 151 Ill. 551; *Chicago and Alton Railroad Co.* v. *Scanlan,* 170 id., 106; *Howe* v. *Medaris,* 183 id. 288; *Lake Erie and Western Railroad Co.* v. *Wilson,* 189 id. 89; *Armour* v. *Brazeau,* 191 id. 117; Wood on Master and Servant, sec. 114.) A declaration must allege knowledge or facts from which it necessarily appears that the master knew of a defect or a neglect of duty. That was done in *Chicago and Eastern Illinois Railroad Co.* v. *Hines, supra,* which is relied upon by appellee. The negligence alleged was the failure to fill the spaces between the ties. The filling of such spaces was an affirmative act, and defendant necessarily knew that it had not done the act. It was not necessary to allege that the master knew that it had not filled the spaces. Where a duty rests on a party and the duty is not performed, an allegation that it has not been performed necessarily involves notice and knowledge. There may also be cases where an allegation that an unsafe and unfit instrumentality was furnished by the master would necessarily involve knowledge on his part of the nature of such instrumentality. But in this case the averment was not that the defendant furnished a grindstone which was defective and dangerous in the first instance. The allegation was that the defendant negligently permitted the grindstone to be and remain in a defective and dangerous condition, and if it had no actual knowledge and was not chargeable with knowledge that the condition of the grindstone had become dangerous or defective it would not be liable. There is no averment of that kind. As to the want of knowledge on the part of the plaintiff it is contended that the averment that he was in the exercise of due care and caution for his own safety was equivalent to an allegation that he had no knowledge of the defective condition of the grindstone. As applied to the assumption of risk by the plaintiff on account of a defective or dangerous condition of the grindstone the position of counsel is not correct. If the plaintiff knew of a

defect in the grindstone or it was of such a nature that he was chargeable, in law, with notice of it, he assumed the risk arising from such condition, although he may have exercised the utmost care and caution in using it in such a way that injury would not result to him. (*Chicago and Eastern Illinois Railroad Co.* v. *Heerey,* 203 Ill. 492.) A servant may assume a risk of a defective appliance with knowledge of the defect and danger, and the fact that he uses care to avoid injury from the defect does not show that he is ignorant of its existence. The objection here considered would have been good on demurrer, but it has several times been held that a failure to aver notice is cured by verdict. In the case of *City of East Dubuque* v. *Burhyte,* 173 Ill. 553, it was decided that a failure to aver, in the declaration, notice to the city of the defective and dangerous condition of a sidewalk was cured by the verdict. A failure of the declaration to allege notice to the defendant of a defect in a smokestack was held in *Boyce* v. *Tallerman,* 183 Ill. 115, to have been cured by verdict, and in *Ide* v. *Fratcher,* 194 Ill. 552, a declaration which failed to aver that the servant did not know that an emery wheel was cracked and defective was considered sufficient after verdict. Under the foregoing authorities it must be held that the defect in this declaration was cured by verdict.

It is further urged that causal connection between the negligence alleged and the breaking of the grindstone was not shown by the declaration. The averment was that the plaintiff, in pursuance of the order of the defendant, was engaged in grinding knuckles upon the grindstone, and while so engaged, and exercising due care and caution for his own safety, the grindstone broke in pieces and fell against him with great force and violence, causing the injury. It was not alleged that the grindstone broke in pieces in consequence or on account of the defect, or what caused it to break, but under the rule already stated the declaration must be regarded as sufficient in that respect after verdict.

The defendant offered in evidence a release signed by the plaintiff with his mark and attested by three witnesses. The plaintiff denied its execution, and the judge on his own motion submitted to the jury two special interrogatories concerning the release, as follows:

"*First*—Did the plaintiff, Baublis, sign and execute the release offered in evidence, as claimed by the defendant?" To this interrogatory the jury answered "Yes."

"*Second*—If he did sign and execute the same, then did the plaintiff do so without fraud or undue influence being practiced on him?" The jury answered "No."

The defendant moved the court, at the close of all the evidence, to direct a verdict in its favor, and the motion was denied. It is contended that the court erred in refusing to direct a verdict, mainly because the execution of the release was proved. The execution of the release and the payment of the money mentioned therein were testified to by three witnesses, but the plaintiff denied that he received any money or put it under his pillow, as testified to by the witnesses, and denied that he executed the release or made any mark on it. He testified that he did not know anything after the accident covering the period when the release was alleged to have been executed, in which he was contradicted by the surgeon at the hospital, but he was entitled to have the evidence submitted to the jury. It was a question of credibility. There was no evidence whatever of any fraud in obtaining the release which would be available in an action at law,—*i. e.,* fraud in the execution of the instrument. (*Papke* v. *Hammond Co.* 192 Ill. 631.) Neither the plaintiff nor any one else testified to anything tending to show fraud, imposition or deceit in obtaining the release. Plaintiff simply denied that he executed the release, but no complaint is made of the submission of the question of fraud to the jury. The fact that the jury, after the ruling on the motion to direct a verdict, found that plaintiff did execute the release does not render the ruling of the court on the motion erroneous. It is

also urged that the court ought to have directed a verdict because the plaintiff was required to refund the money which he received upon its execution, but as he testified that he received no money and was entitled to have that question submitted to the jury, the court should not direct a verdict because of a failure to refund. There was no error in refusing to enter judgment on the special findings. On the motion for judgment on the special findings they must be taken together, and the second one cannot be ignored because of a want of evidence to support it.

Finally, it is contended that the court erred in refusing to give instruction numbered 19 offered by the defendant, stating that if plaintiff was furnished the usual appliances and surroundings for performing the work in which he was engaged, the defendant had performed its duty and the verdict must be not guilty. There was no evidence that the grindstone was of the usual and ordinary kind furnished for performing such work, and the instruction was properly refused for that reason if for no other.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*