JULIUS BRUNHILD, Admr., Appellee, *vs.* THE CHICAGO UNION TRACTION COMPANY, Appellant.

*Opinion filed April 23, 1909.*

1. PLEADING—*an objection to generality of statement should be raised by demurrer.* An objection to the generality of an averment in a declaration should be raised by demurrer, as such defect is one which is cured by verdict.

. 2. SAME—*what defect in a declaration is cured by the verdict.* Where a declaration in an action against a street railway company avers that the deceased was then and there rightfully driving his wagon over and along a certain street, the failure of the declaration to aver that the deceased was in the exercise of due care in driving upon defendant's tracks in such street is cured by the verdict, there being no objection by demurrer.

3. SAME—*plea of general issue does not put in issue defendant's ownership of cars and tracks.* A plea of the general issue to a declaration in an action for personal injury against a street railway company does not put in issue the defendant's ownership of the instrumentalities causing the injury, and an absence of proof that the defendant was in the possession and operation of the car which caused the injury is not fatal. (*Chicago Union Traction Co. v. Jerka, 227* Ill. 95, adhered to.)

4. NEGLIGENCE—*what is not contributory negligence per se.* The fact that the driver of a wagon, in getting out of the way of a street car approaching from the rear, turned to the right upon the other track instead of turning to the left and thereby avoiding the danger of being struck by a car on such other track, is not negligence as a matter of law, particularly where there were circumstances making it impracticable to turn to the left.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

JOHN A. ROSE, and FRANK L. KRIETE, (W. W. GURLEY, of counsel,) for appellant.

I. W. FOLTZ, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

Julius Brunhild, as administrator of the estate of Karl Maika, deceased, recovered a judgment for $2250 in the circuit court of Cook county against the Chicago Union Traction Company for wrongfully and negligently causing the death of Karl Maika, and that judgment has been affirmed by the Appellate Court for the First District. By its further appeal the Chicago Union Traction Company brings the case to this court, and asks a reversal because it is alleged that the amended declaration did not state a good cause of action and on account of the alleged error in refusing to direct a verdict for appellant.

The amended declaration, upon which the cause was tried, consists of three counts. The third count of the amended declaration, while inartificially drawn, is, in our opinion, sufficient after verdict to support the judgment. This count, after reciting certain matters by way of inducement, charges that the "said defendant, by and through its said servants, did 'then and there negligently drive the said street car at a high and dangerous rate of speed then and there, while said Karl Maika with all due care and caution was then and there rightfully driving said wagon northward over and along said Elston avenue then and there, as aforesaid; thereby the said street car violently struck upon and against the said wagon, on which said wagon the said Karl Maika was then and there sitting, and thereby the said Karl Maika was then and there violently thrown down to and upon the ground there with great force and violence, and the body and the person of said Karl Maika was thereby then and there violently crushed, and by. means of the premises the said Karl Maika was severely injured, and as a result of said injury he, the said Karl Maika, died on or about the third day of December, A. D. 1902."

Appellant insists that the third count of the declaration is insufficient, in that it fails to aver that the deceased was in the exercise of due care in getting upon appellant's

track where the collision occurred. The argument is, that the averment of due care is limited to the manner in which the deceased was driving upon the tracks, and did not negative negligence in the deceased in being upon the street car line. There is some force in appellant's objection in this regard, and had the declaration been challenged by demurrer on the ground that the averment was not sufficiently specific the objection could have been avoided by an amendment. We think, however, that the objection pointed out is not good after verdict. Objections to the generality of a statement in a pleading should have been raised by demurrer, and belong to that class of defects which are cured by verdict.

In *Grace & Hyde Co* v. *Sanborn,* 225 Ill. 138, on pages 140 and 141, this court said: "Declarations which may be defective statements of a cause of action which on a proper demurrer would be held defective may be good after verdict. 'A verdict will aid a defective statement of a cause of action by supplying facts defectively and imperfectly stated or omitted which are within the general terms of the declaration.' (*Sargent Co.* v. *Baublis,* 215 Ill. 428.) 'Defects and omissions in pleadings, in substance or form, which would have been available on demurrer, are cured by the verdict where the issues joined are such as necessarily require proof of the facts so defectively presented, and without which proof it is not to be presumed that the court would have directed or the jury would have given the verdict.' (*Baltimore and Ohio Southwestern Railway Co.* v. *Keck,* 185 Ill. 400.) It is here insisted that the count in question does not state in what way appellant was negligent, but after verdict the defect would be cured under the rule laid down in the case last cited. (See, also, *Consolidated Coal Co.* v. *Scheiber,* 167 Ill. 539; *Keegan* v. *Kinnare,* 123 id. 280.) In the authorities chiefly relied on by appellant the question here under discussion was raised by demurrer. The facts and pleadings are so different in the

case of *Klawiter* v. *Jones,* 219 Ill. 626, that that case does not uphold the contention of appellant. In *Sargent Co.* v. *Baublis, supra,* we said (p. 432): 'The negligence alleged is, that the defendant negligently and carelessly permitted the grindstone to be and remain in a defective and dangerous condition, and there is no statement what defect existed in it or how or why it was dangerous. This objection to the generality of the statement without setting out the nature of the alleged defect is one that should have been taken by demurrer, and the defect was cured by the verdict.' "

Under the rule laid down in the case from which we have just quoted the declaration is sufficient after verdict.

Appellant insists that the court erred in refusing to direct a verdict on its motion. Under this assignment of error appellant contends that there was no evidence that appellant was in the possession and operation of the car that caused the injury. Appellant contends that under its plea of not guilty the ownership and operation of the instrumentalities that caused the injury were in issue. This court has several times ruled to the contrary. *McNulta* v. *Lockridge,* 137 Ill. 270; *Illinois Life Ass.* v. *Wells,* 200 id. 445; *Chicago City Railway Co.* v. *Carroll,* 206 id. 318; *Pennsylvania Co.* v. *Chapman,* 220 id. 428; *Chicago Union Traction Co.* v. *Jerka,* 227 id. 95.

Appellant concedes that the *Jerka case* decides this question contrary to its contention here, but the argument is made that the earlier cases do not support the *Jerka case;* that it should be overruled and the doctrine contended for by appellant established. We do not think that there is any departure in the *Jerka case* from the previous holdings of this court on this question. When that case was before this court, this same appellant, represented by the same attorneys, was fully heard upon this question and the arguments now made were duly considered in the decision of that case. The present contention therefore seems to partake largely of the nature of a belated petition for rehearing.

Appellant further insists that appellee's intestate was not in the exercise of reasonable care, and that this court should hold, as a matter of law, that the contributory negligence of the deceased precludes a recovery. The evidence shows that there was a double street car line running north and south on Elston avenue, and that the deceased was driving north on the north-bound track in a one-horse wagon, after dark, on November 17, 1902. A car going north was violently ringing the gong to notify the deceased to leave the track and allow the car to pass on north. The deceased drove off the north-bound track and onto the south-bound track to permit the north-bound car to go by. A car coming at a rapid rate of speed on the south-bound track ran into the wagon, throwing the deceased to the pavement, whereby he received fatal injuries. The distance that the motorman was from the wagon when he first discovered it on the track was a matter of controversy in the evidence. The motorman testified that he did not see Maika until he was within forty or fifty feet of the wagon, and that from the time he saw the wagon he did all in his power to stop the car. Julius Albrecht testified that he was on the front platform of the south-bound car, and that he saw the wagon on the track when it was two hundred feet away from the car, and another witness testified that he saw the wagon more than a hundred feet away from the car. Evidence was introduced tending to show that the motorman testified before the coroner's inquest that when he first saw the wagon it was a hundred feet away. The deceased was not guilty of a trespass in driving upon the south-bound track, nor can it be held, as a matter of law, that he was guilty of negligence in turning to the left instead of the right in leaving the north-bound track. It is the usual custom for vehicles going north to drive upon the right-hand side of the roadway. It may have been the purpose of the deceased to drive on that side in obedience to this custom. In addition to this, the evidence shows that there was a van

239—40

on the east side of the avenue, which rendered it impracticable for the deceased to turn to the right. Under these circumstances we conclude that the question of the contributory negligence of the deceased was properly submitted to the jury as a question of fact.

There are no other reasons urged by appellant for the reversal of this judgment.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*