## Samuel Cohen, Administrator, Defendant in Error, v. Toy Gun Manufacturing Company, Plaintiff in Error.

### Gen. No. 16,621.

1. PLEADING—*what general issue does not deny.* The plea of the general issue does not put in issue the character in which the plaintiff sues or the character or capacity in which the defendant is sued.

2. VERDICTS—*when excessive.* A verdict for $6,000 in a death case is excessive where it appears that the plaintiff's intestate was 20 years of age earning from 12 to 15 dollars per week, that he gave his mother 7 or 8 dollars per week for his board and to help her, that such mother was 61 years of age and that the next of kin consisted of such mother, a brother and two sisters.

Error to the Circuit Court of Cook county; the HON. P. W. GAL-LAGHER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed on remittitur. Opinion filed April 19, 1912.

TIMOTHY D. HURLEY and WILLIAM O. LA MONTE, for plaintiff in error.

W. D. ELMER and EDMUND D. CARTER, for defendant in error.

MR. JUSTICE CLARK delivered the opinion of the court.

Judgment was obtained in this case against the plaintiff in error in the sum of $6,000, as damages for the alleged negligence of the plaintiff in error, resulting in the death of Ervine E. Sanford.

Sanford in his lifetime was a teamster, and was said to have been employed by the plaintiff in error, hereinafter called the defendant, to transport a large quantity of explosives, known as "percussion caps" and "composition potash," from the building of defendant. It was charged that the defendant neglected to

inform Sanford of the dangerous material that he was to handle, and that while he was in the exercise of due care the percussion caps exploded and thereby Sanford was killed.

The grounds alleged for the reversal of the judgment are, that there was no evidence tending to sustain the verdict; that the court erred in the admission and exclusion of evidence; that the court erred in giving instructions asked by the plaintiff; that the damages are excessive, and that for that reason a new trial should have been granted. All of the errors assigned, except as to the refusal of the court to grant a new trial because of the excessive amount of the verdict, are based upon the contention that the defendant was not the owner of the property and did not make the contract referred to with the intestate.

The only plea filed by the defendant was that of the general issue. The declaration alleged that the Toy Gun Manufacturing Company was in the business of manufacturing percussion caps and kept on its premises large and dangerous quantities of highly explosive materials, etc. The rule in this state, whatever it may be in other jurisdictions where the common law is in force, is that the plea of the general issue does not put in issue either the character in which the plaintiff sues, or the character or capacity in which the defendant is sued. The plaintiff must be given timely notice by a special plea that the want of ownership is relied upon as a defense. Chicago U. T. Co. v. Jerka, 227 Ill. 95; Winn v. C. C. & St. L. Ry. Co., 239 Ill. 132; Brunhild v. C. U. T. Co., 239 Ill. 621.

The only evidence offered and not received, bore upon this matter of ownership, and therefore its exclusion was proper.

The first instruction given at the request of plaintiff is objected to on the ground, as stated in the brief, that it does not take into consideration "the fact that the president of appellant company was directly and

personally interested in the business established at 7645 South Chicago avenue.'' The objection to the instruction would doubtless have been well taken if there had been a special plea, but in the absence of such a special plea the instruction was, in our opinion, not erroneous.

We have carefully considered the argument of counsel as to certain instructions tendered by the defendant which were refused by the court, and are of the opinion that they were properly refused, as being either covered by instructions which were given, or being improper because of the absence of the special plea heretofore referred to.

The next question we are called upon to consider is whether or not the damages are excessive. The intestate was at the time of the accident twenty years of age, and earning from twelve to fifteen dollars a week. He gave his mother from seven to eight dollars a week as board and to help in her support. The mother at the time of the trial was 61 years of age, and with a brother of the deceased and two sisters constituted the next of kin. We think the amount allowed by the jury is excessive, and that there should be a *remittitur* of $1,500. The judgment will be affirmed, providing the defendant in error within ten days enters a *remittitur* of $1,500 in this court. Thereupon a judgment will be entered herein for the sum of $4,500; otherwise the judgment will be reversed and the cause remanded. Each party to pay one-half the costs in this court.

*Affirmed on remittitur.*

*Remittitur* filed and judgment affirmed April 19, 1912.