**John H. Drury, Administrator, Defendant in Error, v. East St. Louis Light & Power Company, Acme Electric Company and H. C. Windt. East St. Louis Light & Power Company, Plaintiff in Error.**

1. NEGLIGENCE, § 1*—*what are elements.* The essential elements for a cause of action for negligence are, the existence of a duty on the part of the person charged to protect the complaining party from the injury received, a failure to perform that duty, and injury resulting from such failure.

2. NEGLIGENCE, § 119*—*when declaration bad for failure to aver duty.* In an action against an electric light company, for the death of a child which was killed by coming into contact with an electric conduit pipe along the outside of a school building which had been installed by a third person and had become charged as a result of insufficient grounding, a declaration *held* to be bad as failure to allege a duty towards such child.

3. ELECTRICITY, § 10*—*when electric company not bound to inspect work of another.* An electric lighting and power company,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

which is engaged in the business of supplying light and power to buildings in a city, and, in pursuance of its contract, has connected its wires with wires that have been placed on a building by another person, owes no duty to the owner of the building to investigate and inspect the work of such other person, so as to make it liable for injuries sustained by another person as a result of the faulty construction by such other contractor.

4. ELECTRICITY, § 7*—*what is proximate cause of injury.* The proximate cause of an injury to a child which met its death as a result of coming into contact with a charged electric ground conduit pipe extending alongside a building into the ground is the charging of the ground conduit pipe with electricity, where such pipe becomes charged owing to insufficient grounding, and not any negligence of a lighting company which had fulfilled its contract by connecting its service wires with those in the conduit alongside the building, and which had been installed by another person.

Error to the City Court of East St. Louis; the Hon. ROBERT H. FLANNIGAN, Judge, presiding. Heard in this court at the October term, 1914. Reversed with finding of fact. Opinion filed May 1, 1915. Rehearing denied July 7, 1915.

BARTHEL, FARMER & KLINGEL, for plaintiff in error.

KEEFE & SULLIVAN, for defendant in error.

MR. JUSTICE HARRIS delivered the opinion of the court.

Defendant in error filed in the City Court his declaration in case consisting of one count against plaintiff in error and the Acme Electric Company and H. C. Windt, alleging damages in the sum of $5,000. That plaintiff in error was on the 9th day of October, 1912, and for a long time prior thereto, possessed of and operating a certain electric light and power plant in said county of St. Clair, and was on said day possessed of and using certain poles, other equipment and appliances upon, along and over certain public streets in the city of East St. Louis under certain franchises of said city, and on said day was furnishing electricity

for lighting purposes to one of the public school buildings in said city situated near the corner of Broadway and Tenth streets, known as Lincoln School, and had its electric wires and lighting appliances extended along and upon certain streets and to and upon said building for the purpose of furnishing an electric power circuit to said school building.

It is further alleged that said electric wires of plaintiff in error were connected with the power circuit wiring placed upon the said school building by the other defendants, Acme Electric Company and H. C. Windt, thus furnishing the means by which plaintiff in error furnished the power to the mechanical appliances used in said school building; that it therefore became the duty of plaintiff in error to use care commensurate with the dangers resulting to persons liable to come in contact with the line over which its current was being delivered, considering the dangerous character of the element being delivered; but plaintiff in error, disregarding its duty, negligently and carelessly omitted to provide lightning arresters or other appliances on its secondary wires to prevent heavier currents from being carried into said school building over its wires than the wiring of such building was capable of safely carrying.

It further alleges that the defendants, Acme Electric Company and H. C. Windt, under an arrangement with the Board of Education of the City of East St. Louis, undertook to wire said building in a proper workmanlike manner with such wiring as was reasonably safe to conduct the electricity from wires of plaintiff in error to the portions of said school building, where it was required for power purposes; and in performance of the work so undertaken by the defendants it was necessary to drive an iron or steel shaft to which a ground wire was attached into the ground on the outside of said building to such a depth as would constitute a proper conductor; that said defendant negli-

·124    APPELLATE COURTS OF ILLINOIS.

Drury v. E. St. Louis Light & Power Co. et al., 194 Ill. App. 121.

gently failed to insert said iron or steel shaft to a sufficient depth to become a proper conductor and negligently failed to seal the conduits in which wires were inclosed, thereby permitting water to enter and damage the insulation.

That prior to the injury herein complained of, a heavy current of electricity was conducted upon and from the wires of plaintiff in error to the wiring from said school building because of the negligent failure of plaintiff in error to properly guard against such a current, whereby the insulation was burned from the wires inclosed in one of said conduits on said building, whereby the said conduit became charged with electricity, which charge of electricity was therefrom communicated to the iron or steel shaft extending into the ground on the outside of said building; and that on account of the negligent failure of the defendants Acme Electric Company and H. C. Windt to sufficiently insert said iron or steel shaft into the ground, electricity was prevented from escaping into the earth, and that by reason thereof said iron or steel shaft became heavily charged with electricity.

Defendant in error further alleges the iron or steel shaft was on the outside of said school building and in the school yard, used as a playground by defendant in error's intestate and other children attending said school; that the fact said shaft was so charged was unknown to defendant in error's intestate and the other school children and was not discoverable in the exercise of ordinary care; that on the 9th day of October, 1912, while the intestate, who was then a boy attending said school, was at play in the said school yard and while exercising due care he came in contact with said iron or steel shaft, receiving therefrom a charge of electricity from which he died. Allegation as to next of kin, and damages $5,000.

The plaintiff in error filed to this declaration a special demurrer which was afterwards withdrawn

and the plea of not guilty and a special plea filed, denying that plaintiff in error owned or possessed wires, appliances, irons or tubes by and through which defendant in error's intestate received the shock which caused his death. The defendants Acme Electric Company and H. C. Windt filed plea of not guilty. A trial by jury resulted in finding all defendants guilty and assessing the damages of defendant in error at $2,000. Motion for new trial overruled and judgment on verdict.

Error is assigned by plaintiff in error alone. It will therefore be unnecessary to discuss either the law or the evidence as applied to defendants Acme Electric Company and H. C. Windt, as the judgment against them has not been appealed from and stands.

The undisputed evidence as to the surroundings where the accident occurred are: That plaintiff in error, engaged in the manufacture and sale of electricity for lighting and power purposes by franchises, had poles and wires in the streets of East St. Louis. One of these poles was near the corner of Eleventh and Broadway streets, about four hundred feet from the school building in question, upon which pole was the primary wire carrying 2200 volts of electricity and a transformer which is used to reduce or step down the voltage in this case from 2200 to 440 volts. The plaintiff in error had from this pole extending to the school building in question three secondary wires attached to the building by staples and insulators and connected with the wires of the Board of Education near the upper end of a conduit pipe upon the side of the building about eighteen feet from the ground, an ordinary gas pipe placed perpendicularly with a joint at the lower end passing through the wall to the inside about ten feet above the ground. At a point about two feet below this joint on the outside of the building another iron pipe was placed perpendicularly against the building, known as the "ground pipe." A number

four or six copper wire connected this conduit pipe from the angle or joint from the outside with this ground pipe. Insulated copper wires were placed in the conduit pipe extending out of the pipe about six inches on the inside of the building and connecting up motors and machinery which were installed by the Board of Education in the year 1910 by contract with the defendants Acme Electric Company and H. C. Windt, and after installation examined and a certificate issued by the city electrician. The day of the injury there had been a thunderstorm in the morning between 9 and 10 a. m. The accident occurred about 1 p. m. An examination after the accident revealed the following facts: Transformer in good condition; secondary wires of plaintiff in error carrying about 440 volts. Insulation in conduit was broken at the angle where same went through the wall. The ground conduit instead of extending into the earth about twelve to eighteen inches from top of ground turned out from building and was imbedded in cinders, making it a nonconductor of electricity. The ground conduit had been placed there for the purpose of taking care of the leakage of current on the conduit pipe and from the evidence would have done so had it been driven into the earth as was intended. This pipe at the time of the accident was found to be charged with the same voltage of electrical current that was carried by the service wires on the building. This was a school for colored children, and the deceased, Roy Colvin, about nine years of age, at play, caught hold of this ground conduit and was electrocuted.

The plaintiff in error argues errors assigned in the admission of evidence, refusal to permit cross-examination of witnesses, in limiting the time of argument, the refusal of instructions, and the giving of improper instructions for defendant in error. The above errors, if this case was tried upon a correct application of the law to the facts, would not be revers-

ible error, but as we differ with the trial court as to the law to be applied to the admitted facts and for that reason find it necessary to reverse on the merits, we will not discuss the above errors separately but will proceed to a discussion of the errors argued that we think control any finding to be made:

First. The sufficiency of the declaration to sustain the verdict.

Second. The negligence of plaintiff in error.

Third. Was any negligence of the plaintiff in error the proximate cause of the accident.

The declaration upon which this case was tried consists of one count and must be tested under the rule applicable after verdict. There is no dispute as to the rule but the application of the rule. "A verdict will aid a defective statement of a cause of action by supplying facts defectively or imperfectly stated or omitted which are within the general terms of the declaration." *Sargent Co. v. Baublis,* 215 Ill. 428.

The converse of this proposition is not true. That where facts or conclusions are stated in a declaration which do not constitute a cause of action, the verdict will not aid or assist in supplying the cause of action. The defendant in error recognizes this as a rule of pleading well established. Plaintiff in error makes three complaints as to this declaration under the evidence: First. A duty; second, a breach of the particular duty pleaded; third, an injury to defendant in error resulting from such a breach of duty.

A breach of duty was alleged by way of stating the construction of the wires, poles and connections of plaintiff in error with this school building but in no way connecting plaintiff in error with any duty to either wires, appliances attached to school building, or to defendant in error. The allegation as to breach in disregarding its duty in that behalf, negligently and carelessly omitted to provide lightning arresters or other appliances on its secondary wires, to prevent

128 APPELLATE COURTS OF ILLINOIS.

Drury v. E. St. Louis Light & Power Co. et al., 194 Ill. App. 121.

heavier currents from being carried into said school building over its wires than the wiring of said building was capable of safely and properly carrying. There is no averment that lightning arresters were necessary for the safety of the wiring of the building or protection of any one. There is no averment of either facts or conclusions that any duty rested upon plaintiff in error to prevent heavier currents from being carried into said building over its wires than the wiring of said building was capable of safely and properly carrying.

Defendant in error says this may be supplied by inference. That would be supplying by inference the essentials to a cause of action. It is said that good pleading only required sufficient facts to be stated to raise a duty under the law. There are no facts averred that the plaintiff in error had done anything or failed to do anything that it owed either to the school board or defendant in error over the wiring and appliance supplied by others than plaintiff in error. Defendant in error by his declaration recites a breach of duty, and the only attempt found in the declaration to connect plaintiff in error with a breach of duty is, as follows: "That prior to the injury a current of electricity was conducted upon and over the wires of the defendant (plaintiff in error), to the wiring from said school building, because of the negligent failure of defendant, (plaintiff in error) to properly guard against such a current whereby the insulation was burned from the wires inclosed in one of the said conduits, * * * the conduit became charged with electricity and was communicated to the steel shaft entering the ground, etc."

It is not charged that electricity was not to pass over these wires when from a reading of the declaration the contrary appears to be the fact. It is not charged that more than an ordinary charge passed over these wires. There is no charge that this current

or charge of electricity caused the injury. There is a charge that the negligent construction and failure of the defendants Acme Electric Company and H. C. Windt to sufficiently insert the steel shaft into the ground that it became heavily charged, and that defendant in error's intestate came in contact therewith and was killed.

This declaration either by statement of facts or conclusions fails to state a cause of action against plaintiff in error as to any duty it owed defendant in error in the way of construction or in the handling of its current, and it would follow no duty, no breach of duty, and no connection between breach of duty and injury.

The declaration is an attempt by innuendo and inference after verdict to hold plaintiff in error to account for the mistake in construction of some one else upon the theory that electricity is a dangerous agency, which is admitted. That does not mean that when two or more contractors are responsible to the same authorities that one of them must assume that the other does not understand his business, and because he does not so assume and examine into what the other has done becomes liable for not doing so. If there was an allegation that by the exercise of reasonable diligence these defects could have been discovered or that plaintiff in error knowingly did something or failed to do some act it should have done, a different case would be presented. The law applicable to this declaration as to its allegations against plaintiff in error is found in the case of *Devaney v. Otis Elevator Co.*, 251 Ill. 28:

"The essential elements of a cause of action for negligence are: (1) The existence of a duty on the part of the person charged to protect the complaining party from the injury received; (2) a failure to perform that duty; and (3) an injury resulting from such failure. When these elements concur they constitute

a cause of action for negligence, and the absence of any one of these would render the pleading bad.''

What has been said as to the declaration would apply with equal force to plaintiff in error's second and third assignment of error: ''Negligence of plaintiff in error,'' and ''the proximate cause of the accident.'' The evidence connecting plaintiff in error with this injury is more uncertain and indefinite than the pleadings. The undisputed evidence as to the negligence of plaintiff in error as argued by defendant in error is that it was responsible for its failure to investigate and discover the defect and failure of the ground conduit to be properly inserted in the earth.

It is claimed by defendant in error that because plaintiff in error was handling a dangerous agency it was its duty, notwithstanding it was contracted with and paid for connecting its wires on to wires that had been put in, and inspected by some other person, to make an investigation and inspection of all of such work, and if it failed to do so it became liable for all injuries occurring by reason of faulty construction of some other persons. While defendant in error cites some authorities so holding, they are from other jurisdictions. We do not understand that our courts intend to go so far but only to hold for reasonable diligence.

The responsibility of plaintiff in error ceased when it coupled on to a conduit erected by the school board for that purpose and that conduit was apparently safe.

When we take this view of the law as to the responsibility of plaintiff in error as to this construction, it is not necessary to extend this opinion into a discussion that there is no evidence showing that any negligence of plaintiff in error is the proximate cause of the injury. The proximate cause of the injury was the charging of this ground conduit with electricity, and it was charged because it was not properly driven into the earth, for which plaintiff in error was not responsible. The burden was assumed by defendant

in error to plead and prove that plaintiff in error did something or failed to do something the law imposed upon it as a duty, and this burden was carried by defendant in error throughout the trial.

A peremptory instruction was offered by plaintiff in error at the close of evidence for defendant in error and again at the close of all the evidence and refused, and this was error for which the judgment must be reversed, and as there is no controversy over the facts that under the law could inure to the benefit of the defendant in error, the judgment will be reversed with a finding of fact.

*Reversed with finding of fact.*

Finding of fact. We make the following finding of fact to be made and entered as a part of the judgment:

We find as a fact that plaintiff in error was not guilty of any negligence that contributed to the injury.