(No. 13918.—Judgment affirmed.)

LENA SHER, Appellee, vs. JAMES A. ROBINSON, Appellant.

*Opinion filed June 22, 1921.*

1. PLEADING—*statement of claim in tort action of fourth class in municipal court need not allege all material facts.* Under section 40 of the Municipal Court act the statement of claim in an action of the fourth class in tort in the municipal court need not allege all the material facts necessary to be proved at the trial but it is sufficient if the statement reasonably informs the defendant of the nature of the case he is called upon to defend.

2. SAME—*when failure to allege due care is cured by verdict.* Failure of the statement of claim in a tort action of the fourth class in the municipal court of Chicago to expressly allege due care by the plaintiff is cured by the verdict, and the want of such express allegation is not good ground for a motion in arrest of judgment.

APPEAL from the First Branch Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding.

CAMERON & MATSON, (A. P. CLARK MATSON, and HARLEY D. JONES, of counsel,) for appellant.

ANDREW R. SHERIFF, and A. K. HUTCHINSON, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was an action in tort of the fourth class brought in the municipal court of Chicago. The cause was tried before the court without a jury and judgment of $500 was entered for plaintiff. Motion in arrest of judgment was overruled and an appeal prayed to the Appellate Court for the First District, where a judgment of affirmance was entered by a divided court, and on certificate of importance an appeal was brought to this court.

The principal question raised in the briefs is whether or not, under the statement of claim in the municipal court,

which did not aver due care on the part of plaintiff, a recovery should be permitted. The statement of claim by appellee is as follows: "Plaintiff states that on January 13, 1919, she was walking east on the south side of East VanBuren street at the intersection of South Clark street, in the city of Chicago; that one H. W. Sapp, who was then and there in the employ of the defendant, was driving a horse and wagon owned by the defendant west on East VanBuren street; that said Sapp was so driving said horse and wagon in the course of his said employment in and about the business of the defendant, and that he, the said Sapp, so negligently and carelessly drove, turned and directed the said horse over, against and upon the plaintiff and her face and body that she was thereupon and thereby knocked down, and as a direct result thereof she sustained severe injuries," etc. Appellant's affidavit of merits was as follows: "Defendant denies that on, to-wit, January 13, 1919, H. W. Sapp, then and there in the employ of the defendant, driving a horse and wagon owned by the defendant west on East VanBuren street, so negligently and carelessly drove, turned and directed said horse over, against and upon the plaintiff and her face and body that she was thereupon and thereby knocked down and injured, as alleged in plaintiff's statement of claim."

In order to reach a conclusion on this question it is necessary to consider and construe certain sections of the Municipal Court act, particularly section 40 of said act, which reads, in part, as follows: "Or, if the suit be for a tort, it shall consist of a brief statement of the nature of the tort and such further information as will reasonably inform the defendant of the nature of the case he is called upon to defend, but nothing herein contained shall be construed to require the statement of claim in any action for a tort to set forth the cause of action with the particularity required in a declaration at common law." (Hurd's Stat. 1917, p. 907.) Certain parts of sections 3 and 19 of said act also have some bearing on this question.

On the trial the plaintiff and an eye-witness to the accident testified as to how it occurred, and Sapp, the driver employed by appellant, also testified. Their evidence tends to show that about eight o'clock in the morning of January 13, 1919, plaintiff was crossing Clark street, walking east on the south crosswalk of VanBuren street; that she had reached the east or north-bound street car track in Clark street; that a horse and wagon owned by appellant and driven by Sapp, appellant's employee, had been moving west on the south side of VanBuren street and had turned towards the south in Clark street; that the plaintiff came in violent contact with the horse or shaft and was thrown down and suffered the injuries complained of; that the streets were then being repaired and were so torn up that the horse and wagon could only get away from the intersection by moving in the direction and making the turn mentioned in the evidence. There was a conflict in the testimony as to whether Sapp was guilty of any negligence and also as to whether plaintiff was then and there in the exercise of due care, evidence having been introduced by both parties on these two points.

Section 40 of the Municipal Court act, above quoted, clearly shows that the legislature intended that in an action of the fourth class in tort, brought in the municipal court of Chicago to recover damages, it is not necessary that the plaintiff's statement of claim should allege all the facts necessary to be proved on the trial but that it is sufficient if the statement reasonably informed the defendant of the nature of the case he is called upon to defend, and the other provisions of said act which bear upon this point are in accord with the provisions of section 40.

In *Enberg* v. *City of Chicago*, 271 Ill. 404, this court had before it the consideration of what was necessary to be stated in a statement of claim in a municipal court in tort actions of the fourth class, and held that in such an action it was not necessary to allege the giving of the statutory

notice even though such statement was necessary in common law declarations for a similar injury, and after discussing different sections of the said act, on page 408 said: "A careful consideration of the foregoing sections and other sections of the Municipal Court act leads us to the conclusion that common law pleadings are expressly permitted in actions of the first and second class and that the use thereof is abolished as to fourth-class actions. The issues in actions of the fourth class, so far as pleadings are concerned, are to be indicated by the mere filing of a statement of claim for all demands, set-offs or counter-claims, which shall merely state the account or nature of the demand if the suit is on a contract express or implied, or if in tort, a brief statement of the nature of the tort and such further information as will reasonably inform the defendant of the nature of the case. The statement of an account is not a declaration at common law. It is not a pleading in the sense or meaning of common law pleadings. Neither does the statement in tort required by said act rise to the dignity of a common law declaration, in our judgment, requiring all the material or ultimate facts of a case to be stated or pleaded."

We think the statement of claim in this case contained the essentials that are required by section 40, as that act was construed in the case just cited. Furthermore, under the strict rules of common law pleading after verdict, we think this judgment should be sustained. It has been often stated with reference to the common law declaration, that if the declaration contains terms sufficiently general to include, by fair and reasonable intendment, any matter necessary to be proved, and without proof of which the jury could not have given the verdict, the want of an express averment of such matter is cured by the verdict. (*Sargent Co.* v. *Baublis,* 215 Ill. 428; *Humason* v. *Michigan Central Railroad Co.* 259 id. 462, and cases cited.) Moreover, in the municipal court it is sufficient to file in cases of

this kind only such a statement of claim as will reasonably inform the defendant of the nature of the case, and it should be held that after verdict and judgment it must be presumed that proof was made as to the question of due care on the part of the plaintiff.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*