## Myrtle Smith, Appellee, v. Harry Redman and Fred Leber, trading as Majestic Theatre, Appellants.

1. PLEADING—*improper methods of testing declaration's legal sufficiency.* A motion to exclude the evidence and for a directed verdict is not a proper method of questioning the legal sufficiency of the declaration as a pleading.

2. PLEADING—*when declaration's failure to aver defendant had notice of defective structure waived.* Pleading to the merits in an action for negligently causing plaintiff's injuries waives the objection that the declaration fails to aver that defendant had notice of the alleged defect and that plaintiff was without notice thereof.

3. TRIAL—*verdict for plaintiff as curing defect in declaration.* Failure of a declaration for personal injury from a defective appliance to state how the same was defective or why dangerous is cured by verdict.

4. TRIAL—*verdict for plaintiff as curing defect in declaration.* Failure of a declaration for personal injury from a defective appliance to aver notice of the defect by defendant or want thereof by plaintiff is a demurrable error which is cured by verdict.

5. APPEAL AND ERROR—*what objections to instructions will not be heard.* Appellants cannot on appeal object to instructions to which they failed to object before the trial court.

6. SAVING QUESTIONS FOR REVIEW—*failure to object to instructions in motion for new trial as waiving right to object on appeal.* One who particularly specifies the grounds on which he relies in his motion for a new trial and does not state among them his objections to instructions given, waives his right to object on appeal to the giving of the instructions.

7. SAVING QUESTIONS FOR REVIEW—*sufficiency of general statement of grounds for new trial.* A general statement of grounds for new trial, following specific, in the words ''And for other good and sufficient reasons to be assigned at the time this motion is argued'' will not supply the omission of a particular objection relied on by the moving party.

Appeal by defendants from the Circuit Court of St. Clair county; the Hon. George A. Crow, Judge, presiding. Heard in this court at the March term, 1927. Affirmed. Opinion filed May 14, 1927.

Kramer, Kramer & Campbell and R. E. Costello, for appellants.

J. J. Bullington and Oakley, Frank & Jackson, for appellee.

Mr. Presiding Justice Barry delivered the opinion of the court.

Appellee recovered a verdict and judgment for $2,000 for injuries alleged to have been sustained when the seat in which she was sitting in appellants' theater collapsed and she was thrown to the floor.

Appellants contend that the declaration does not state a cause of action because it does not aver that they had knowledge of the alleged defective condition of the seat or that by the exercise of reasonable care they would have known of such defective condition. They also insist that there is no proof in regard to those matters. They pleaded the general issue. Had they desired to question the sufficiency of the declaration they should have demurred and abided by their demurrer. A motion to exclude the evidence and for a directed verdict is not a proper method of questioning the legal sufficiency of the declaration as a pleading. *Swift & Co. v. Rutkowski,* 182 Ill. 18; *Klofski v. Railroad Supply Co.,* 235 Ill. 146.

Pleading to the merits in an action for negligence waives the objection that the declaration fails to aver that defendant had notice of the alleged defect and that plaintiff was without notice thereof. *Ide v. Fratcher,* 194 Ill. 552; *Linquist v. Hodges,* 248 Ill. 491. Failure of a declaration to state in what respect the alleged defective appliance was defective or why its condition was dangerous is cured by verdict. Failure of a dec-

laration for personal injury, caused by an alleged defective appliance, to aver notice of the defect by the defendant or want of notice by the plaintiff, although good ground for demurrer, is cured by a verdict. *Sargent Co. v. Baublis,* 215 Ill. 428.

It has been held, however, that the proprietor of a hall to which the public is invited is bound to use ordinary care and diligence to put and keep the hall in a reasonably safe condition for persons attending in pursuance of such invitation, and if he neglects his duty in this respect so that the hall is in fact unsafe, his knowledge or ignorance of the defect is immaterial. *Currier v. Boston Music Hall Ass'n,* 135 Mass. 414. That case was cited with approval in *Hart v. Washington Park Club,* 157 Ill. 9. In the state of the record it is unnecessary for us to decide whether the doctrine of *res ipsa loquitur* is applicable. In cases of this general nature some courts hold that the doctrine aforesaid applies, while other courts hold to the contrary. 22 A. L. R. 617.

Appellants contend that the court erred in the giving of instructions on behalf of appellee. That question is not open to consideration because it was not brought to the attention of the trial court. Appellants filed a motion for a new trial in which they specified eight particular grounds and added another as follows: "And for other good and sufficient reasons to be assigned at the time this motion is argued." None of the specific grounds set out in the motion pertain to the instructions given on behalf of appellee. One who files points in writing in support of his motion for a new trial, particularly specifying the grounds on which he relies, waives his right to avail of errors on appeal not mentioned therein. A general statement of grounds for a new trial, in the words "various other reasons apparent of record," will not supply the omission of a particular specification upon which the moving party relies. *West Chicago St. R. Co. v. Krueger,* 168 Ill.

586. The rule is different where a motion for a new trial does not set out specific grounds. *Yarber v. Chicago & A. Ry. Co.*, 235 Ill. 589.

No reversible error having been pointed out the judgment is affirmed.

*Affirmed.*