ADOLPH KLOFSKI, Appellee, *vs.* THE RAILROAD SUPPLY
COMPANY, Appellant.

*Opinion filed June 18, 1908.*

1. APPEALS AND ERRORS—*when refusal to withdraw counts is not
ground for reversal.* If some of the several counts of a declaration fail to state a cause of action or are unsupported by any evidence fairly tending to prove them, it is proper practice for the trial court, when requested, to withdraw such counts from the jury; but the refusal to so withdraw them is not ground for reversal if there are other proven counts in the declaration sufficient to sustain the verdict.

2. SAME—*motion to exclude evidence is not a proper method of
questioning sufficiency of declaration.* A defendant who desires to question the sufficiency of the declaration, or any count thereof, should demur, and abide by his demurrer, in order to preserve the sufficiency of the declaration as a question of law for review; and a motion to exclude the evidence, at the close of the trial, is not a proper method of questioning the legal sufficiency of the declaration as a pleading.

3. ARREST OF JUDGMENT—*what is not ground for sustaining motion in arrest.* A motion in arrest of judgment cannot be sustained upon the ground that some of the counts of the declaration are defective if there are other proven counts in the declaration sufficient to sustain the judgment.

4. MASTER AND SERVANT—*the danger from incompetent fellow-servant is not an ordinary risk.* The danger arising from the incompetency of a fellow-servant is not one of the ordinary and usual hazards which a servant assumes by his contract of hiring; but if he continues in the employment, voluntarily and without protest, knowing of such incompetency, he assumes the risk.

5. SAME—*when risk of dangers arising from master's negligence is assumed.* The risk of dangers due to the master's negligence is not an ordinary and usual risk of the employment which the servant assumes by his contract of hiring, but if he knows of such dangers he may assume the risk, not because it has become an ordinary risk, but because he knows of it.

6. SAME—*when negligence of fellow-servant does not preclude
recovery.* If the master is guilty of negligence and a servant is injured thereby, the fact that a fellow-servant of the injured servant is guilty of negligence partly contributing to the injury does not preclude the servant from recovering damages from the master, if he is otherwise entitled thereto under the law and the facts.

7. INSTRUCTIONS—*party is entitled to instruction applicable to facts as he claims them to be.* A party is entitled to an instruction stating the law applicable to the facts which he claims are established by the evidence, and if the instruction does not amount to a direction of a verdict it is not essential that all elements necessary to a right of recovery be included in the one instruction.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. GEORGE A. DUPUY, Judge, presiding.

F. J. CANTY, J. C. M. CLOW, and E. E. GRAY, (H. E. LONG, of counsel,) for appellant.

F. W. JAROS, (FRANCIS J. WOOLLEY, of counsel,) for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

Adolph Klofski recovered a judgment in the superior court of Cook county for $2541 for personal injuries sustained by him while in the employ of the Railroad Supply Company. The Railroad Supply Company was engaged in the foundry business and manufactured metal castings of various kinds. Klofski was a moulder, whose business was to carry ladles filled with molten metal from the furnace and pour it into moulds. There were sixty moulders engaged in the same business with Klofski. The business was carried on in a large brick building about three hundred feet long by one hundred feet wide. The moulders would stand in two diverging lines from the furnace, and each one in regular turn would secure a ladle of metal and pass out to his moulds, when the moulder immediately next in line would place his ladle under the spout where the molten metal was coming down, and when his ladle was full he would immediately withdraw and the next man in turn would take his place at the spout. Klofski was stand-

ing in line awaiting his turn to fill his ladle, when another moulder by the name of "Scotty," while passing near Klofski on his way to his moulds, tripped and fell and the molten metal in his ladle was thrown upon the person of Klofski, burning him very severely.

The declaration contains two counts. The first count alleges that it was the duty of defendant to keep the floor over which the moulders were required to pass, even, clear of obstacles and in a safe condition, so that the plaintiff and the other servants of defendant could work there in safety. This count charges that appellant carelessly and negligently kept the floor uneven, with holes in it and obstructed with various iron articles, so as to endanger the safety of those employed therein while in the discharge of their duties, and carelessly and negligently failed to furnish the employees a safe place to work, all of which it is charged was known, or ought to have been known, to appellant and unknown to appellee, and that by reason of the careless and negligent conduct of the appellant, aforesaid, the appellee, while in the exercise of due care for his own safety, was injured by reason of a certain other servant tripping and falling upon the floor, thereby causing the metal then being carried by such other servant to spill upon the ground and explode, whereby the metal was thrown against appellee, inflicting the injuries of which he complains.

The second count in the declaration alleges that appellant carelessly and negligently employed an incompetent, careless and reckless servant and permitted such incompetent servant to operate and manage ladles filled with molten metal; that such incompetency of the said servant was, or ought to have been, known to appellant and was unknown to appellee, by means whereof the appellee was injured, as aforesaid, through the incompetency, recklessness and carelessness of said servant of appellant. The gist of the second count of the declaration is, that appellant, with notice,

negligently employed an incompetent servant to handle a ladle full of molten metal, by means whereof the appellant, by its said servant, carelessly caused the said metal to spill upon the ground and explode against the appellee.

At the close of appellee's evidence appellant made its motion to direct a verdict in its favor as to each count of the declaration, and submitted a written instruction for that purpose. This motion was denied. Thereupon appellant introduced its evidence, and at the close of all the evidence appellant again made a motion for a directed verdict as to each count but submitted no written instruction for that purpose. Appellant's motion was again denied and the case was submitted to the jury. A verdict for $2541 in favor of appellee was returned by the jury. The judgment rendered thereon has been affirmed by the Appellate Court for the First District.

Appellant's first contention is that the court erred in refusing to direct a verdict in its favor. There was no error in this ruling. The evidence fairly tended to establish the first count, and the second count was established by very satisfactory proof. Appellant's principal contention in support of this point is, that it was entitled to have the first count excluded from the jury even if it be conceded that the second count was good and well supported by the proof. Where a declaration consists of more than one count, and some of the counts fail to state a cause of action or are unsupported by any evidence fairly tending to prove them, it is proper practice for the trial court, when asked to do so, to withdraw such defective or unsupported counts from the consideration of the jury; but the refusal of the trial court to so withdraw such defective or unproven counts from the consideration of the jury is no reason for reversing the judgment when there are other proven counts in the declaration sufficient to sustain the verdict. Section 78 of the new Practice act provides that when an entire verdict shall be given on several counts, the same shall not be set

aside or reversed on the ground of any defective count if one or more of the counts in the declaration be sufficient to sustain the verdict. A similar provision is found in section 57 of the old Practice act. (*Illinois Steel Co.* v. *Schymanowski,* 162 Ill. 447; *Chicago and Alton Railroad Co.* v. *Harbur,* 180 id. 394; *Swift & Co.* v. *Rutkowski,* 182 id. 18.) Appellant did not demur to the declaration or either count thereof. By pleading the general issue the sufficiency of the declaration was admitted. If appellant had desired to question the sufficiency of the declaration, or either count thereof, it should have demurred, and if its demurrer had been overruled appellant should have abided by its demurrer in order to preserve the sufficiency of the declaration as a question of law for review. A motion to exclude evidence at the close of a trial is not the proper method of questioning the legal sufficiency of the declaration as a pleading. We are not aware of any practice that would sanction such course. On the contrary, this court has decided that a motion to direct a verdict does not raise the question as to the sufficiency of the declaration. (*Swift & Co.* v. *Rutkowski, supra.*) In that case, on page 23, this court said: "To the suggestion the declaration was fatally defective and the motion to exclude the evidence should therefore have been sustained, it is sufficient to say that the defendant, by pleading to the merits, admitted the sufficiency of the declaration, and it is not readily perceived how its sufficiency could be subsequently raised by a mere motion to exclude the evidence from the jury. We are aware of no practice authorizing such course. If the defendant desired to question the sufficiency of the declaration it should have demurred or moved in arrest of judgment,"—citing *Chicago, Burlington and Quincy Railroad Co.* v. *Harwood,* 90 Ill. 425; *Roberts* v. *Corby,* 86 id. 182.

The bill of exceptions contains a recital that appellant, "by its counsel, made a motion in arrest of judgment but the court overruled and denied said motion, to which rul-

ing of the court the defendant, by its counsel, then and there duly excepted." If it be said that the motion in arrest of judgment saved the question as to the sufficiency of the first count of the declaration, a sufficient answer thereto is that a motion in arrest of judgment cannot be sustained on the ground that some of the counts of the declaration are defective when there are other counts in the declaration sufficient to sustain the judgment. *Baltimore and Ohio Southwestern Railway Co.* v. *Alsop,* 176 Ill. 471.

Appellant has made an extended argument and cited a number of authorities to show that the first count in the declaration is fatally defective, and this argument and these authorities would require our consideration if we were considering the sufficiency of the first count when tested by a demurrer, but since appellant elected to plead to this count and proceed to a trial of an issue of fact, the argument made and the authorities cited do not require our consideration, since the question to which they relate is not properly preserved for review.

Appellant's next contention is that appellee assumed the risk of injury from the acts of negligence alleged in both counts of the declaration. The negligence alleged in the first count, as already shown, is the failure of appellant to provide appellee with a reasonably safe place in which to work. The alleged violation of this duty relates to the condition in which the floor of the foundry building was maintained. It is shown that Scotty, the servant who tripped and fell, tripped on a rod of iron which was lying near the edge of a hole, five or six inches deep, in the floor. The contention is that the rod of iron and the hole, as well as all other obstacles on the floor, were open and obvious and in plain view of all the moulders. The evidence tends to show that these obstructions had been on the floor for several months. Appellee had worked around this furnace for about five months, and under these circumstances it is

not unreasonable to asume that he had become familiar
with the condition of the floor. The opportunities for all
the moulders to become familiar with the condition of the
floor were certainly equal to the opportunities of appellant.
But appellee's case does not depend upon his knowledge of
the existence of the obstacles over which Scotty tripped and
fell. In the second count of the declaration it is charged
that appellant negligently employed an incompetent and un-
skillful servant, and that appellee's injury resulted from the
incompetency, negligence and unskillfulness of such ser-
vant. The evidence conclusively shows that the servant,
Scotty, was a man of very intemperate habits; that he was
in the habit of becoming intoxicated almost every day, and
that appellant retained him in its employ after notice of
his intemperate habits. Scotty was intoxicated at the time
of the accident,—so much so that he was unable to walk
straight,—and the witnesses testified that he was seen
drinking whisky frequently during that day. It is shown
that Scotty had worked for appellant for more than a year
before the accident and during all that time had indulged
in his habit of drinking. The evidence also shows that ap-
pellee did not know of Scotty's incompetency resulting from
his habitual drunkenness. Appellee and Scotty worked on
opposite sides of the furnace, so that appellee had only met
him casually a few times at the clock. The danger arising
from the incompetency of a fellow-servant is not one of
the ordinary and usual hazards which a servant assumes
by his contract of hiring. (*United States Rolling Stock Co.*
v. *Wilder,* 116 Ill. 100; *Consolidated Coal Co.* v. *Haenni,*
146 id. 614.) It is averred in the second count that appel-
lee's injury resulted from the incompetency and unskill-
fulness of his co-employee, Scotty, and that appellee had
no knowledge of the incompetency of such co-employee,
and that appellant knew, or by the exercise of ordinary
care should have known, such fact. In our opinion the in-
jury of appellee is due to the negligence charged in the

second count of the declaration and that appellee did not assume the risk arising from this danger, where it appears from the evidence that he had no knowledge of it. There was no error in the refusal of the court to direct a verdict on the ground that appellee's injury resulted from an assumed risk.

It is next urged by appellant that the court erred in giving instruction No. 4. That instruction is as follows:

"It was the duty of the defendant to use reasonable care to learn and know whether its servants were competent and fit for their work, so that it would be reasonably safe for the defendant's other servants to work with them without being exposed to unnecessary danger to life or limb by reasons of incompetency, if any; and if defendant's servant known as 'Scotty' was incompetent for his work, and if by reason thereof other servants of defendant were exposed to unnecessary danger to life and limb, and if defendant by reasonable care would have known of such incompetency and danger, if any, before the alleged injury to plaintiff, in time by reasonable care to prevent such danger, then it was defendant's duty to use reasonable care not to expose the plaintiff to the danger, if any, of working with such incompetent servant, if any."

Appellant concedes that this instruction states a correct proposition of law as far as it goes, but contends that under the evidence in this case the instruction should have gone further and explained to the jury that if appellee had knowledge, or equal means of knowledge, with appellant of the incompetency of the servant "Scotty" and made no objection to working with him, appellee would assume the risk of injury that might result from such incompetency. This criticism cannot be sustained. The instruction under consideration does not purport to state all the facts upon which a right of recovery depends. It does not conclude with a direction to find a verdict for appellee, and does not, therefore, fall within a class of instructions often condemned

by this court which conclude with a direction to find a verdict for a particular party without stating all the essential facts to support such conclusion. It is unnecessary, and often impracticable, to state the whole law of a case in one instruction. Efforts to do so are more likely to confuse than enlighten the jury. Besides, the liability to commit error is minimized by stating the law applicable to a particular question or particular parts of the case in separate instructions. This court has often had occasion to announce the familiar rule that instructions are to be considered as a series, and, when so considered, if, as a whole, they state the law correctly that is sufficient. The jury were informed by other instructions in the series of the effect the facts omitted from this one would have upon the relative rights of the parties. Instruction No. 36 given on behalf of appellant advises the jury that appellee could not recover under the second count of his declaration unless he proved that he did not know, and by the exercise of reasonable diligence would not have known, that the servant "Scotty" was incompetent, careless and reckless. Appellant had the full benefit of the doctrine of the assumption of risk, so far as it applied, resulting from the incompetency and carelessness of the fellow-servant of the appellee by instructions 18, 19, 20, 21, 22, 30, 33, 35, 36 and 38 given at its instance by the court.

Instruction No. 13 is next complained of by appellant. That instruction told the jury that the term "ordinary risk," as used in the instructions, meant such risks as were usual and ordinary in such employment, and such, also, as remain incident to the employment after the employer has taken reasonable care to prevent such risks. The instruction then, in effect, informed the jury that the negligence of fellow-servants was an ordinary risk which the employee assumed, subject to the qualification that the master must exercise reasonable care to employ and retain competent servants. The instruction also informed the jury that the

employee did not assume risks arising from the incompetency of co-employees, or any unusual or extraordinary risks, unless he knew and appreciated, or by the use of ordinary care would have known and appreciated, such risks. It is contended by appellant that this instruction is erroneous in that it states that the term "ordinary risk" did not include such risks or dangers as the master could by the exercise of ordinary care discover and prevent. There are many cases in this court which hold that the servant does not assume, by virtue of his contract of hiring, dangers which the master could by the exercise of reasonable care discover and remove, or, as the rule is sometimes stated, the servant does not assume risks arising from the master's negligence. Among the many cases where this rule has been recognized the following may be cited: *Chicago and Alton Railroad Co.* v. *House,* 172 Ill. 601; *Alton Paving, Building and Fire Brick Co.* v. *Hudson,* 176 id. 270; *Chicago and Grand Trunk Railway Co.* v. *Spurney,* 197 id. 471; *Slack* v. *Harris,* 200 id. 96.

There is another phase of the doctrine of assumed risk which we deem it not inappropriate to refer to for the purpose of pointing out a distinction between the cases which hold that the servant may, under some circumstances, assume dangers arising from the negligence of the master, however gross the fault may be. The case of *Illinois Central Railroad Co.* v. *Fitzpatrick,* 227 Ill. 478, is an illustration of the rule that the servant may, under some circumstances, assume dangers arising from the master's negligence. In that case the judgment was reversed for the error in giving an instruction to the effect that the servant did not assume dangers arising from the master's negligence. There is no conflict between the *Fitzpatrick case,* and others that may be in line with it, and the cases cited above, which hold that the negligence of the master is not one of the ordinary risks which the servant assumes by his contract of hiring. The distinction between the two

classes of cases is readily discernible when the cases themselves are carefully studied and analyzed. It will be found that the cases which exclude from the risks assumed by the servant such dangers as arise from the master's negligence are cases involving a consideration of the usual and ordinary hazards of the employment which are assumed by the original contract of hiring, and that the other line of cases which hold that the servant may assume dangers arising from the master's negligence are cases where the assumption of the danger depended not upon the contract of hiring but upon the knowledge of the servant of the existence of the danger. If the servant has, or by the exercise of reasonable care would have, knowledge of the existence of a particular danger and continues in the employment without complaint he will be deemed to have assumed the danger; and in respect to such dangers it is wholly immaterial whether they arise from the negligence of the master or from other causes. In Cooley on Torts (vol. 2, sec. 1046,) it is said: "However gross the fault of the master in subjecting the servant to the risk of injury from defective buildings, premises and appliances, yet where the servant knows the defects and dangers and still knowingly and without protest consents to incur the risk to which he is exposed thereby, he is deemed to assume such risk and to waive any claim for damages against his master in case of injury." The master's negligence is not an ordinary and usual risk of the employment, hence the servant does not assume dangers arising therefrom by his contract of hiring, but the servant knowing of such negligence may assume the risk, and in such case he assumes it because he knows of it, and not because it has become an ordinary one.

Keeping the distinctions above pointed out in mind, the objections pointed out to the instruction now under consideration are readily answered. If appellant negligently employed an incompetent servant and set him to work with appellee, thereby exposing appellee to danger from the in-

competency of such servant, such a danger is not one of
the ordinary and usual hazards of the employment which
appellee assumed by his contract of hiring. If he assumed
such danger at all, it would only be upon the supposition
that he knew of such incompetency, and voluntarily, with-
out protest, continued in such employment. Whether he
had such knowledge or ought to have had such knowledge
was a question of fact for the jury. Appellee's contention
was that he had no such knowledge and had not sufficient
opportunity to acquire it. Upon the assumption that the
jury would adopt appellee's theory of the facts, he was en-
titled to have them instructed as to the rule of law ap-
plicable to his theory of the case. If, on the other hand,
as appellant contends, appellee had knowledge of the in-
competency of his co-employee, or if, under the circum-
stances, by the exercise of ordinary care he ought to have
had such knowledge, then appellant was entitled to have
the jury instructed that appellee would assume the dan-
gers arising from the known incompetency of the employee
Scotty. The law as applicable to appellant's theory of the
facts was fully presented to the jury by instructions 18,
19, 20 and 21 given on behalf of appellant. By these sev-
eral instructions the jury were told, in various forms of
language, that the servant assumed not only the ordinary
and usual risks connected with his work, but also all ex-
traordinary and unusual risks and dangers of which he had
knowledge or by the exercise of reasonable care ought to
have had. The instruction under consideration, when read
in connection with the other instructions of a series, was
not erroneous or misleading.

The case upon which appellant relies with much confi-
dence as supporting his criticism of instruction No. 13 is
*Wells* v. *O'Hare,* 209 Ill. 627. In that case an instruction
containing, in substance, the same language found in the
first sentence of instruction No. 13 was held erroneous.
The refusal of this court to approve of the instruction in

the *O'Hare case* was upon the ground that under the facts of that case the instruction imposed upon the master obligations to take precautions beyond the legal duty devolving upon him. In that case it was clearly shown that the injury resulted from the negligent act of a fellow-servant in carelessly and negligently causing a brick to fall down an elevator shaft upon deceased, who was working at the bottom of the shaft as a fellow-servant with the servant at the top of the shaft whose negligent act caused the brick to fall. Under the facts of that case and the law applicable thereto the deceased assumed the danger of injury from the negligent act of a fellow-servant. There was no pretense in that case that the servant whose misconduct caused the injury was incompetent or unskillful or that the master was guilty of any negligent act in employing or retaining him in his service. Under the facts of that case this court held that the instruction in question was liable to mislead the jury into speculating as to what the master might have done to discover and prevent the negligent act or omission of a competent fellow-servant of the deceased. It will be noted, also, that the instruction in question was not condemned in the *O'Hare case* on the ground that it contained an erroneous statement of the law as a general proposition, but only for the reason that under the peculiar facts of that case the instruction had a tendency to mislead the jury. We do not regard the *O'Hare case* as an authority against the instruction under consideration in this case.

Appellant also complains of instruction No. 13½ given by the court on behalf of appellee. That instruction informs the jury that if the appellant was itself guilty of negligence and the plaintiff was injured thereby, then, even though it should appear that some fellow-servant of the plaintiff was guilty of negligence partly contributing toward causing the injury, such negligence of said fellow-servant would not, in that case, prevent the plaintiff from recovering a verdict if he was otherwise entitled thereto under the

instructions and the evidence. This instruction is not open to the objection made to it. The law as laid down in the instruction was announced by this court in *Pullman Palace Car Co. v. Laack,* 143 Ill. 242.

Appellant complains of the refusal of the court to give instructions Nos. 14, 15, 23, 25, 26 and 28 requested by it. The principal contention of the appellant as to the refusal of instructions relates to instructions 26 and 28. Instruction 26 directed the jury to find a verdict for the appellant if they believed the injury resulted from the co-employee (Scotty) slipping and falling upon a bar of iron used in connection with the moulding of the iron. This instruction was properly refused. It amounted, in effect, to directing a verdict for the defendant. All that was proper in instruction 28 is fully covered by other instructions given for the appellant. There was no error in refusing these instructions.

There being no reversible error in this record the judgment of the Appellate Court for the First District is affirmed.