**Elisha Adams, Appellee, v. Cleveland, Cincinnati, Chicago & St. Louis Railway Company, Appellant.**

1. VERDICTS—*when not disturbed.* A verdict will not be set aside on review as against the weight of the evidence unless clearly and manifestly so.

2. NEGLIGENCE—*practice of kicking cars.* The practice of kicking or dropping cars and running switch engines and cars in railroad yards without giving adequate warning of their approach to employes engaged in the performance of their duties, clearly constitutes negligence.

3. INSTRUCTIONS—*when refusal to withdraw count not error.* Notwithstanding there may have been no evidence to support a charge of wilfulness contained in a particular count, it is not error

for the court to refuse to withdraw such count from the jury if there were other counts in the declaration sufficient to sustain the verdict.

Action in case for personal injuries. Appeal from the Circuit Court of Coles county; the Hon. M. W. THOMPSON, Judge, presiding. Heard in this court at the November term, 1908. Affirmed. Opinion filed June 14, 1909.

GEORGE B. GILLESPIE and A. M. FITZGERALD, for appellant; L. J. HACKNEY, HAMLIN, GILLESPIE & FITZGERALD and ANDREWS & VAUSE, of counsel.

CRAIG & KINZEL, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in case by which appellee seeks to recover from appellant damages for personal injuries sustained by him through the negligence of its servants while he was in its employ. The jury returned a verdict finding appellant guilty and assessing appellee's damages at $2,000. To reverse the judgment rendered upon such verdict this appeal is prosecuted.

Three counts of the declaration allege, substantially, that on the 10th of April, 1906, while the plaintiff was employed by the defendant in and about its roundhouse in the city of Mattoon as a supply man, he was directed by the foreman of the roundhouse under whom he worked, to place a globe upon the cab of engine No. 728, which was located somewhere in the yards; that after he had placed the globe on such engine and was endeavoring to return to the roundhouse, and while on track No. 8 in said yards, a caboose was being negligently driven by the servants of the defendant, not fellow-servants of the plaintiff, along the ladder track at a great speed without a light or any person being upon the end of said caboose, by means whereof and because of said negligence of such servants of the defendant, and while he was in the

exercise of due care, he was struck by said caboose and injured. The third count charges that the servants of the defendant were engaged in running cars attached to a switch engine and that while the plaintiff was in the exercise of due care, said cars were by said servants wilfully and negligently uncoupled and detached from said engines, whereby and as the result of the wilful and wanton negligence of the servants of the defendant, the plaintiff was struck and injured.

The evidence discloses the following facts: Prior to the day he was injured appellee Adams had been employed by appellant in its yards at Mattoon for some fifteen years, and for the last two and one-half years of that period as a supply man. His duties were to furnish all locomotive engines coming into and going out of the yards with waste, tools, oil and such other supplies as were needed. At the point where he was struck and injured, which was west of the roundhouse, there were from twenty to twenty-five tracks upon which for over fourteen years, switching had constantly been done both day and night. Shortly before nine o'clock on the evening he was injured, Adams was directed by Taylor, the foreman of the roundhouse, to put a globe in the cab of engine No. 728, which was to haul train No. 99 out of the yards on that night, and was located some where in the yards.

The east and west tracks in the yards were numbered from 4 to 11, inclusive, and ran parallel to each other. What was known as the "ladder" track ran diagonally across tracks five, six, seven, eight, nine and ten, beginning and connecting with track four and running to track eleven, and was so arranged that from it, cars could be placed upon either of the tracks numbered four to eleven, inclusive. In accordance with the directions of the foreman, Adams, carrying a lantern, left the roundhouse with the globe, but failed to find the engine, and returned to the roundhouse. After making inquiries as to its whereabouts he went

east from the roundhouse to a point opposite the engine in question, which was standing on track seven, about 250 feet east of the yard office, and crossing several tracks reached the engine and placed the globe upon it. He then started to retrace his steps in coming. He proceeded about twenty feet, and while attempting to cross track No. 8, at the point where it connected with the ladder track, was struck by a caboose which was being "kicked" from track No. 4 to track No. 10, and so injured as to necessitate amputation of both his legs. Although the evidence relative thereto was in conflict, we think the jury was warranted in finding that through the momentum acquired from the engine, and because of a decline in the yards towards the east, the caboose was running at a comparatively high rate of speed at the time, and that there was no light or person stationed upon the east end of the caboose.

We are unable to say as a matter of law that the servants of appellant were not guilty of negligence under these circumstances, nor that contributory negligence on the part of appellee was so clearly shown that a verdict should have been directed, nor that all reasonable minds would agree without hesitation that appellee, as an incident to his employment, assumed the risk of being injured in the manner shown by the evidence. These issues of fact were therefore properly submitted to the jury for determination; and unless we are satisfied that their conclusions thereon were clearly and manifestly contrary to the weight of the evidence, we, as a court of review, are bound thereby. Notwithstanding the evidence is in close conflict, we are not prepared to so hold. The practice of kicking or dropping cars and running switch engines and cars in railroad yards without giving adequate warning of their approach to employes engaged in the performance of their duties, clearly constitutes negligence. C. J. Ry. Co. v. McGrath, 203 Ill. 511; P. C. C. & St. L. Ry. Co. v. Bovard, 223 Ill. 176. The jury was not un-

warranted in finding that appellee followed the safest route in going to and returning from the engine at which he was directed to leave the globe, and that notwithstanding he looked and listened he was unable to see the approaching caboose and was unaware of its proximity until he was struck by it. The evidence tends to show that appellee was unfamiliar with the part of the yard into which he was required to go, and was unaware that it was the custom to switch engines and cars from one track to another in the manner followed, without giving warning to those who might lawfully be upon such tracks. The jury therefore properly found that the increased hazard thereby created was not one which appellee assumed.

There was no evidence tending to sustain the charge of wilfulness and wantonness contained in the third count, and appellant offered an instruction telling the jury that it was their duty to disregard such count. It is insisted that the refusal of the court to give this instruction constituted prejudicial error. While the proper practice would have been to withdraw the count in question from the jury, the refusal so to do was not reversible error, there being other counts sufficient to sustain the verdict. Klofski v. Railroad Supply Co., 235 Ill. 146. No complaint is made as to the rulings of the court upon other instructions or the evidence, nor is it claimed that the verdict is excessive.

Applying the law applicable to the facts as found by the jury, a clear right of recovery was established, and the judgment will be affirmed.

*Affirmed.*