**Minnie L. Baxter, Administratrix, Appellee, v. Cleveland, Cincinnati, Chicago & St. Louis Railway Company, Appellant.**

1. VERDICTS—*when not disturbed.* A verdict will not be set aside on review as against the weight of the evidence unless clearly and manifestly so.

2. INSTRUCTIONS—*when failure to instruct jury to disregard counts not ground for reversal.* If the court improperly refuse to direct the jury to disregard certain counts of the declaration, such action will not reverse if there are other counts in the declaration which the evidence fairly tended to support and to which the verdict is clearly referable.

3. EVIDENCE—*when proof of ordinance sufficient.* An ordinance is properly proved if contained in a book of ordinances shown to have been published by authority of the city council.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Shelby county; the Hon. ALBERT M. ROSE, Judge, presiding. Heard in this court at the November term, 1908. Affirmed. Opinion filed August 5, 1909. Rehearing denied November 24, 1909.

GEORGE B. GILLESPIE, for appellant; L. J. HACKNEY, HAMLIN, GILLESPIE & FITZGERALD and W. C. KELLY, of counsel.

DOVE & DOVE, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

In an action on the case appellee recovered a judgment against appellant for $1500 damages for wrongfully causing the death of James H. Baxter, her husband and intestate. The declaration charges the death of Baxter on January 29, 1907, at a crossing of Cedar street and the railway of appellant in the city of Shelbyville, through the negligence of appellant. The first count charges careless and improper driving and managing a locomotive by the servants of the defendant; the second count, the failure to ring a bell or blow a whistle in approaching the crossing as required by the statute; the third count, that the train was run at an excessive rate of speed, in violation of an ordinance of the city; the fourth count is substantially the same as the third; the fifth count, the failure of the defendant railway company to maintain a safe crossing; the sixth count, the running of the train at a high and dangerous rate of speed, without any warning as required by the statute. The seventh additional count charges that the defendant, by its servants driving said engine and train at a rapid rate of speed, without ringing any bell or sounding any whistle, as required by the statute, or other warning, so maliciously, wilfully and wantonly operated said engine and train that the same ran into the said Baxter, thereby causing his death.

A plea of the general issue was interposed to the declaration and the issues submitted to a jury. At the conclusion of the plaintiff's evidence in chief and again at the close of all the evidence, the defendant moved the court to instruct the jury to find a verdict in favor of the defendant, which motions were overruled.

The following facts appear from the evidence: Appellant's railway extends east and west through the city of Shelbyville, crossing first Vine and then Cedar street in said city. James H. Baxter, appellee's intestate, was a coal miner employed at a coal mine located about a quarter of a mile south of the intersection of

Cedar street with the railway. He resided several blocks north of said crossing and just east of Vine street. Shortly after five o'clock on the morning he was killed, he left his home to go to work. The evidence does not clearly disclose the route pursued by him. It does appear, however, that he went either south on Vine street and thence west on the railroad toward Cedar street crossing or that he went west on a street parallel with the railroad until he reached Cedar street and thence south on Cedar street to the crossing. The defendant insists that he followed the former route and was struck while upon the right of way and before he had reached the crossing proper, while the plaintiff contends that he took the former, and there is evidence tending to support either theory. There is evidence tending to show that when upon the railroad track and upon or near its intersection with Cedar street, he was struck by appellant's passenger train No. 43, which went west on that morning and passed the crossing at about 6:10 o'clock, at a rate of speed of at least fifty miles an hour. There were no eye witnesses to the occurrence, and therefore no direct proof as to his position at the precise time he was struck. The circumstantial evidence pertaining thereto was substantially the following: Between 6 and 6:30 o'clock the witness Montooth found Baxter's cap lying west of the center of the crossing; shortly thereafter his body was found lying upon the crossing about twenty feet south of the track, with the head toward the north and the feet toward the south, nearly in line with the street, and east of the traveled portion thereof. The food from his dinner pail was scattered on the right of way from a point east of the east line of Cedar street and thence toward where the body lay. Some of the liquid coffee from the pail was spilled upon the frost east of the street line and cattle-guard.

The accident occurred within the corporate limits of Shelbyville. An ordinance of that city was introduced and admitted in evidence, which prohibited the

running of trains at a speed in excess of ten miles an hour within the corporate limits. There is a serious conflict in the evidence upon the question as to whether or not the statutory signals were given. The chief grounds urged for a reversal of the judgment are that the evidence shows that the deceased was a trespasser, and fails to show that he was in the exercise of ordinary care at the time he was killed. Whether the deceased was a trespasser or not, was a question of fact for the jury to be determined from all the facts and circumstances shown by the evidence. While the evidence might well have supported a finding that the deceased was upon the right of way of the defendant when he was struck, the question as to his position at the time was properly submitted to the jury by an instruction which advised them that if they believed from the evidence that at the time the deceased was struck and killed he was upon the railway of the defendant, not at a public crossing, there could be no recovery. We cannot say, after a careful consideration of the evidence, that the finding of the jury as evidenced by the general verdict, was clearly unwarranted by the evidence, and we are therefore concluded thereby.

It is further urged that a verdict should have been directed for the reason that the plaintiff failed to establish the fact that the deceased was· at the time he was killed in the exercise of ordinary care for his own safety. A number of witnesses testified on the trial that Baxter was a strong, healthy man, with good eye-sight and hearing; was sober and industrious, and a man careful for his own safety. Where there were no eye witnesses ·to the killing of a person, his administrator in an action for damages may establish the exercise of ordinary care on the part of the deceased by the highest proof of which the case is capable, including the habits of the deceased, and facts and circumstances from which the jury may rightfully find that he was exercising such care; and the jury

may take into consideration, with the other facts and circumstances proven in the case, the instinct which naturally leads men to avoid injury and preserve their own lives.   Collison v. I. C. R. R. Co., 239 Ill. 532. Counsel for the defendant admit that such is the law, but insist that an inference of negligence on the part of the deceased is equally to be entertained by the courts when it logically arises from such circumstances, and that slight circumstances may overcome the presumption of freedom from negligence thus established. It will suffice to say in the present case that we do not think the facts and circumstances relied upon by the defendant are sufficient to overcome the inference of due care on the part of the deceased; and we are not disposed to hold as a matter of law, that a verdict should have been directed for this reason.

It is next urged that the court erred in submitting for the consideration of the jury the first and seventh counts of the declaration, for the reason that there was no evidence tending to support either of the charges of negligence therein. Such counts should have properly been withdrawn from the jury.   Inasmuch, however, as there were counts in the declaration which the evidence fairly tended to support, and to which the verdict is clearly referable, it was not reversible error to refuse to withdraw the same.   In Klofski v. R. R. Supply Co., 235 Ill. 146, it is said: ''Where a declaration consists of more than one count and some of the counts fail to state a cause of action or are unsupported by any evidence fairly tending to prove them it is proper practice for the trial court when asked to do so to withdraw such defective or unsupported counts from the consideration of the jury; but the refusal of the trial court to so withdraw such defective or unproven counts from the consideration of the jury is no reason for reversing the judgment, when there are other proven counts in the declaration sufficient to sustain the verdict.''

It is also urged that the court erred in not excluding

from the consideration of the jury the ordinance of the city of Shelbyville limiting the speed of railroad trains to ten miles per hour. The book of ordinances was properly admitted in evidence under the statute. The circumstances recited in the supplemental bill of exceptions show that the same were published by authority of the city council.

We are unable to say that the findings of the jury upon the issues of fact in controversy, were manifestly against the weight of the evidence. There was no prejudicial error in the rulings of the court upon the instructions.

The judgment of the Circuit Court is affirmed.

*Affirmed.*