## Clay Vancil, Defendant in Error, v. Illinois Collieries Company, Plaintiff in Error.

1. MASTER AND SERVANT—*duty of master non-delegable.* The master cannot by contract absolve himself from the obligation to furnish his servant with a reasonably safe place to work.

2. MASTER AND SERVANT—*when doctrine of assumed risk does not apply.* The doctrine of assumed risk applies only to such risks as are incident to the employment, and does not extend to a risk created by any negligent act or omission to perform a duty by the master, which is not known or cannot be discovered by the servant by the use of due care.

Action in case for personal injuries. Error to the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the November term, 1908. Affirmed. Opinion filed December 15, 1909.

J. C. & W. B. MCBRIDE, for plaintiff in error; CONKLIN & IRWIN, of counsel.

LAWLER & BERNARD and ROBERT H. PATTON, for defendant in error.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

This is an action brought for personal injury sustained by defendant in error while working for plaintiff in error taking coal from its mines. The coal was hauled from the mines in cars drawn by mules; the cars were on tracks constructed of oak timbers laid by the miners, who were required by defendant to lay this track through or in the various rooms in which they mined the coal. In the room in which the injury occurred one Edward Hergott, a miner, constructed the track. When laid there were places left in it called "kinks," occasioned by the oak timbers not being fitted at joints and curves. The cars would jump the track at these places, and to prevent this guard-rails were laid. On the day of the accident to plaintiff, or on the preceding day, Hergott placed a guard-rail

in this room for the purpose of preventing the cars jumping the track. This guard-rail was put down so that it left a V-shaped space between it and the main rail. In taking the cars out of the mines it was necessary to watch the car and push or "skew" it, as the witnesses term it, at these kinks and joints to keep it from leaving the track. The usual and customary method of doing this was for the driver to face the car, straddle the tail chain and walk backwards, watching the track for joints and kinks, and by taking hold of the car push or "skew" it, so that it would not leave the rails. It was while doing this that plaintiff's foot was caught between the guard and main rails, the car running on his foot and injuring it.

Plaintiff had been working in other rooms in the mine and had hauled no coal from this particular room after the guard-rail had been placed there by Hergott. On this day he was requested by the manager to stay after the usual quitting time and remove the coal from this room.

The declaration alleges that it was the duty of the master to furnish plaintiff with a reasonably safe place in which to work, and charges a failure to do this, and bases a right of recovery on the alleged failure so to do.

Plaintiff in error defends on the grounds that (1) in its contract with the miners, it hired them to mine the coal at a certain price per ton, and under the contract each miner was, among other things, required to lay the track in his room; (2) that the miner who laid the track was a fellow servant with defendant in error and for any injury caused by the neglect of such duty of such miner under his contract was the act of or omission of a fellow servant, and no recovery can be had therefor; (3) that it was a risk incident to the employment; (4) that plaintiff had equal or better knowledge of the condition of the track than defendant, and a better opportunity to know or ascertain its condition, and was not in the exercise of due care for his

own safety while so walking backwards on the track in front of the car; (5) that the first instruction given for plaintiff was erroneous.

It was the duty of plaintiff in error to furnish a reasonably safe place for defendant in error to perform his work, and this being a duty owed the servant, the master cannot relieve itself from a liability to perform that duty by contracting with another servant to perform it. If such a contract is made the master is still liable for any negligent act of such servant in the performance of such duty, or a failure to perform it. The question of failure to furnish such reasonably safe place to work was one of fact for the jury, and was properly submitted to it.

By making a contract with the miner Hergott to perform that duty defendant thereby made Hergott a vice-principal, and by reason thereof the question of the negligence of a fellow servant is eliminated, and the doctrine of negligence of a fellow servant has no application.

Plaintiff in error contends that it was a risk of employment assumed by defendant in error. The doctrine of assumed risk applies only to such risks as are incident to the employment, and it does not extend to a risk created by any negligent act or omission to perform a duty by the master, which is not known nor cannot be discovered by the servant by the use of due care. Klofski v. R. R. Supply Co., 235 Ill. 146. The question as to whether plaintiff had knowledge of the construction of this guard-rail, or the manner in which it was laid, or by the use of ordinary care should have known, was submitted to the jury under proper instruction. The evidence in this case justified the jury in finding that the plaintiff had no knowledge of the construction or laying of this guard-rail, and had no opportunity or means of knowing it. It also justifies the finding that the plaintiff was in the exercise of due care. He was pursuing the usual and customary method in vogue in the mine, and the fact that he was

blind in one eye would only affect the degree of care required of him, and this was determined by the verdict of the jury.

The only criticism on the instructions is on the first one given for plaintiff, and it is without merit. The counts of the declaration, on which the cause was submitted to the jury, negatived the assumption of risk, and there was no necessity of repeating it in the instruction.

The criticism that the declaration does not aver that the plaintiff had not equal notice with defendant is not well taken. The declaration avers notice of the defect, and what has heretofore been said about the servant who constructed the guard-rail being a vice-principal would apply and would be notice to defendant; it having delegated the work to Hergott, it cannot deny knowledge of what he did.

By the verdict in this case the jury found all questions of fact raised by plaintiff in error against it, and they were fully warranted in so doing by the evidence.

There being no error in the instruction, the judgment is affirmed.

*Affirmed.*