## August C. Wehrhahn et al., Appellants, v. Stern Ullman Company, Appellee.

### Gen. No. 17,101.

1. MASTER AND SERVANT—*patent defects.* Plaintiff's intestate, a boy 15 years old, had been in defendant's employ a year and a half, during which time he had used a defective stairway over fifty times a day. The only eyewitness to the accident testified that deceased had not reached the stairs when he fell, but slipped on the level floor. *Held*, that even if the fall was due to a defect in the stairway deceased must have known of such condition, and there can be no recovery.

2. MASTER AND SERVANT—*defects known to servant.* However gross the fault of the master in subjecting the servant to the risk of injury from defective buildings, premises and appliances, yet where the servant knows the defects and dangers and still knowingly and without protest consents to incur the risk to which he is exposed,

he is deemed to assume such risk and to waive any claim for damages in case of injury.

3. MASTER AND SERVANT—*knowledge of defects.* A servant, in a suit against his master for injuries caused by an unsafe place of work or defective appliances, must establish the existence of the defect, that the master had notice thereof, or in the exercise of ordinary care would have had knowledge of it, and that the servant did not know of the defect and had not equal means of knowing with the master.

Appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed March 25, 1913.

WINSTON, LOWY & McGINN and J. J. COBURN, for appellant; DAVID T. ALEXANDER and EMORY J. SMITH, of counsel.

BULKLEY, GRAY & MORE, for appellee.

MR. PRESIDING JUSTICE CLARK delivered the opinion. of the court.

This is an action on the case brought by the appellants (plaintiffs) against the appellee (defendant) for damages caused by the death of plaintiffs' intestate by the alleged wrongful act of the defendant. It appears that the deceased, Henry Wehrhahn, was a boy upwards of fifteen years of age, and had been employed as an assistant window trimmer in the store of the defendant for about a year and a half prior to the date of his death; that in the building there was a stairway leading from the second to the main floor. The evidence tends to show that the steps were worn in the center more than at the sides, and one witness testified that there were nails sticking up about one-quarter of an inch. It was further shown that where the stairway curved there was no railing, that the condition of the stairway had been the same during the whole time that the boy had worked in the store, and it is stated by the plaintiffs to be the fact that the condi-

Wehrhahn v. Stern Ullman Co., 178 Ill. App. 363.

tion had existed for four and a half years prior to the accident. It further appears that the boy had used the stairway constantly during the time of his employment, sometimes as often as fifty or sixty times in one day.

The only eyewitness to the accident testified as follows: ''I saw Wehrhahn fall; I was just coming out of the tailor shop when I saw him going down stairs; he slipped and leaped off his feet; when he got down to sixth or seventh step he made a leap forward, then I saw him crash through glass door; I don't remember of any one else ever falling through; I never fell there; I testified at coroner's inquest; I never slipped myself on the stairway, not that I remember of, but I never fell downstairs. My memory is not defective. I never fell down or even slipped. This young man worked under me; I was the window trimmer, and he was my assistant; this stairway was used by both of us. When he started to fall he was on the first tread. He had not reached a stair yet; he was on the flat floor; he started feet first; he made a leap when he reached the sixth or seventh step; it was 5:30. I worked on the second floor; used stairway from twenty-five to fifty times per day; used it seven years before accident. Never saw nails protrude. About one-half hour after accident I went up stairway; I found a mark where he scraped his heel; that was on top of floor; level of the floor; not on stairs, seven or eight inches near first step. I am still working for defendant; I have continuously since the accident; I saw the mark from a heel; it was level with the floor, about seven or eight inches from front of step.'' Another witness for the plaintiffs testified that a short time after the accident he found a heel of a shoe at the top of the stairway.

In falling through a glass entrance door a few feet from the lower step of the stairway, the boy received cuts which resulted in his death.

The declaration in all of the five counts bases the

right to recover upon the alleged maintenance by the defendant of a defective stairway, and the alleged fact that this condition was known to the defendant but unknown to plaintiffs' intestate. At the close of the plaintiffs' case the court directed a verdict for the defendant. After a careful study of the record we are satisfied that no other course could properly have been pursued by the trial judge.

In Lake Erie & W. R. Co. v. Wilson, 189 Ill. 89, a clear statement of the rule is made: ''The duty and liability are the same with regard to the place of work and the appliances with which the work is done, and the rule is that the servant, in order to recover, must establish three propositions: First, the existence of the defect; second, that the master had notice thereof or in the exercise of ordinary care would have had knowledge of it; and third, that the servant did not know of the defect and had not equal means of knowing with the master. (Goldie v. Werner, 151 Ill. 551; Howe v. Medaris, 183 Ill. 288.)''

In Klofski v. Railroad Supply Co., 235 Ill. 146, the rule as stated in Cooley on Torts is cited and approved: ''However gross the fault of the master in subjecting the servant to the risk of injury from defective buildings, premises and appliances, yet where the servant knows the defects and dangers and still knowingly and without protest consents to incur the risk to which he is exposed thereby, he is deemed to assume such risk and to waive any claim for damages against his master in case of injury.''

If, as stated by the only eyewitness to the accident, the deceased had not reached the stairs when he started to fall then the faulty condition of the stairs, if they were defective, could not have been the cause of the accident. If, as admitted by plaintiffs in their brief, he had used the stairs frequently, ''often as many as fifty to sixty times per day,'' he must have known of their condition. Under these circumstances there can be no recovery. We are controlled by many adjudica-

tions.   Geo. B. Swift Co. v. Gaylord, 229 Ill. 330; Montgomery Coal Co. v. Barringer, 218 Ill. 327; Pinkley v. Chicago & E. I. R. Co., 246 Ill. 370.

The judgment of the Superior Court is affirmed.

*Affirmed.*