## William J. Hall, Appellee, v. Chicago & Alton Railroad Company, Appellant.

1. MASTER AND SERVANT, § 704*—*when recovery for injury to section hand caused by a kicked car sustained by the evidence.* In an action by a section hand against a railroad to recover for personal injuries received, caused by a locomotive kicking a car on a switch track where he was employed in gathering up scrap iron, *held* that a verdict for plaintiff was not manifestly against the weight of the evidence.

2. MASTER AND SERVANT, § 152*—*when kicking cars constitutes negligence.* Kicking cars and running switch engines and cars in railroad yards without giving adequate warning of their approach constitute negligence.

3. DAMAGES, § 115*—*when verdict for personal injuries excessive.* A verdict in a personal injury case for two thousand five hundred dollars *held* excessive where the only wounds found on plaintiff were a cut on the head about two inches long and a bruise on his leg, and it appeared that he was able to do some work a week after the injury and soon thereafter to do the work of a farm hand, and that many of the troubles from which he suffered at the time of the trial were existing before he received the injuries sued for.

4. APPEAL AND ERROR, § 1500*—*when presence of family of plaintiff in court room prejudicial.* The presence of the wife and children of plaintiff in the court and their attraction of the attention of the jury during arguments of counsel and while the court was reading instructions to the jury, *held* prejudicial.

5. APPEAL AND ERROR, § 1514*—*when statements of counsel in argument prejudicial.* Conduct of counsel in his closing argument to the jury in making a reference to the defendant Railroad Company as a soulless corporation and stating that "this great corporation, with its power of driving machinery by steam, sends a car down that injures and maims this man," *held* prejudicial error, and its effect not cured by the court sustaining an objection to the statements and warning counsel to keep within the record, nor by counsel immediately apologizing for making them.

6. APPEAL AND ERROR, § 569*—*when improper argument of counsel cannot be excepted to.* Reference by counsel for plaintiff in his argument that plaintiff was a married man with two or three children, though irrelevant and improper, cannot be excepted to where there was evidence in the record as to plaintiff's domestic relations, to which there was no objection made.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

Hall v. Chicago & Alton R. Co., 188 Ill. App, 95.

Appeal from the Circuit Court of Tazewell county; the Hon. THEODORE N. GREEN, Judge, presiding. Heard in this court at the October term, 1913. Reversed and remanded. Opinion filed May 5, 1914.

W. R. CURRAN, for appellant; WINSTON, PAYNE, STRAWN & SHAW, of counsel.

POTTS, CONAGHAN & POWERS, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

This is an action in case by which appellee seeks to recover from appellant damages for personal injuries sustained by him averred to have been caused through the negligence of its servants while he was in its employ. The jury returned a verdict finding appellant guilty and assessing appellee's damages at two thousand five hundred dollars. From a judgment rendered on that verdict this appeal is prosecuted.

The declaration consists of several counts. One count avers, in substance,. that the appellee was an employee of appellant required to work under the direction of a section foreman among its railroad and switch tracks in the village of San Jose and to gather rubbish and iron on its right of way; that while at work removing a drawbar thrown from its cars on the right of way, and in the exercise of due care for his own safety, a locomotive and train of cars was driven upon the main track through said village until it reached the end of the switch track on which appellee was working, and that appellee's servants, who were not fellow-servants of appellee, then detached a car from the train and negligently drove said car on said switch track striking and injuring appellee. Another count avers that the car detached from the train was negligently driven on the switch track without a brakeman thereon or any means of control, and another count avers that the detached car was negli-

gently forced on the switch track without sounding an alarm or giving any signal.

It is contended by appellant that the judgment cannot be sustained for the reason that the evidence does not show that the appellee was in the exercise of due care when he was injured and that there was no negligence on the part of appellant. There have been three jury trials in this case, on the first the jury found the defendant not guilty, in the second the jury disagreed, and this appeal is from the judgment on the third trial. The evidence shows that the appellee was a section man of appellant working on its tracks at San Jose; that it is the duty of the section men to gather up scrap iron along the right of way and place it on a scrap iron stand at San Jose from which it is loaded into a car once a month. There are three tracks running from the northeast to the southwest through the village. The most northwesterly of these is known as the P. & N. track, the center track is called the High Line or main track and the southeasterly is the switch or house track. The tool house in which is kept the hand car with the tools used by the section men stands a few feet south of the switch track. The right of way has no obstructions on it north and east of the tool house. A short distance southwest of the tool house is the scrap iron stand, which is a platform about six by eight feet and four inches high. The freight house is about two hundred and fifty feet southwest of the scrap iron stand and on the same side of the switch track. May 5, 1910, the date of the accident, was scrap iron day and early in the forenoon of that day the section foreman had directed that the car should be loaded that afternoon. The section men gathered scrap iron during the forenoon, and after dinner the foreman with appellee and one Lough went with the hand car about 1,200 feet to the southwest end of the yard to get a drawbar. The hand car with the drawbar on it was taken on the main line to opposite the scrap

pile; the drawbar was carried by the three men over between the east rail of the switch track and the scrap iron pile and placed about four feet east of the east rail, and the hand car was put in the tool house. In the drawbar was a knuckle that was to be taken out so as to make the bar lighter to load. Appellee said to the foreman that the drawbar "is not in the clear it is not safe," and the foreman replied, "do you want to throw it over the right of way fence?"

While the men were at work on the drawbar a freight train came in from the southwest. The locomotive was uncoupled and backed on the switch track from the southwest to the freight house, past the men working on the drawbar, to get three cars, and then went back by the men with the three cars past the switch stand at the southwest end of the switch track. Appellee went to the tool house and got a spike maul to try and knock the knuckle loose, and after striking it a few times was standing in a stooping position near the track watching the other two men working with the drawbar, when the locomotive kicked two cars in from the northeast on the main line and the third car on the switch track. This car struck appellee and caught his clothing in such a way that he was dragged a short distance before it stopped, and by the striking and dragging injured him. The locomotive was between two and three hundred feet northeast from where the car struck appellee. There is a conflict in the evidence as to whether or not the bell was ringing on the engine or there was a brakeman on the car that struck appellee and as to the speed the car was running when it struck him.

While there may be a preponderance of evidence that there was a brakeman on the car and that the bell was ringing and that the car was running very slowly when it struck appellee, we are not able to say as a matter of law that the servants of appellant were not guilty of negligence, or that it was not shown that ap-

pellee was in the exercise of due care at the time he was injured. "The practice of kicking or dropping cars and running switch engines and cars in railroad yards without giving adequate warning of their approach to employees engaged in the performance of their duties, clearly constitutes negligence." *Adams v. Cleveland, C., C. & St. L. Ry. Co.,* 243 Ill. 191, affirming 149 Ill. App. 574; *Chicago Junct. Ry. Co. v. McGrath,* 203 Ill. 511; *Pittsburg, C., C. & St. L. Ry. Co. v. Bovard,* 223 Ill. 176. The case is one where it cannot be said that all reasonable minds would agree from the evidence in the record that the appellee was not in the exercise of ordinary care and the issues were therefore properly submitted to a jury for their determination; neither can it be said that their conclusions thereon are clearly and manifestly against the weight of the evidence, and therefore this court is bound by their findings on those questions.

The appellee was taken to a physician and the only wounds found on him were a cut an inch and a half or two inches long on his head and a bruise on his leg. The skull was not fractured nor any bones broken. He did not require any treatment after May 8th, although he visited the physician at his office until two weeks after the receipt of the injury. He however claimed at the time of the trial to be suffering from varicose veins, pain in the back and headache. The proof also shows that before the time of his injury he complained that he was suffering from pains in his side and the small of his back and that he exhibited his urine to his fellow-workmen to show that he was passing yellow matter, and that before the injury he had been treated by a physician for cystitis or inflammation of the bladder. The evidence also shows that in a week after the injury he was at work in his garden and he admitted that he worked on a farm at regular wages plowing corn in June and did the ordinary work of a farm hand substantially all that summer and the

following spring and summer. Upon a review of all the evidence in the case we conclude that before the receipt of the injuries sued for, the appellee was suffering from many of the troubles of which he now complains, and that the damages awarded are excessive and that the cause should be submitted to another jury.

It is also assigned for error and argued that counsel for the appellee in the closing argument to the jury made improper and inflammatory statements calculated to predudice the jury and inflame them against the appellant; and that the wife of the appellee and two children, one of them an infant, were present in the court and attracted the attention of the jury during the arguments of counsel and while the court was reading the instructions to the jury to such an extent that the court requested the wife of appellee to take the children from the room.

Among other things said by counsel in his closing argument to the jury were: "Charles Bright is a man, to whom the finger of scorn cannot be pointed at by the soulless corporation, the Chicago & Alton Railroad Company * * *. No gentlemen of the jury, but this great corporation, with its power of driving machinery by steam, sends a car down that injures and maims this man." Counsel also referred to appellee as a married man with two or three children. Appellant had offered evidence that appellee was a man with a family, and appellee on cross-examination, without any objection thereto, showed that he had a wife and two children. There being evidence in the record as to appellee's domestic relations, to which there was no objection, the argument of counsel while it was irrelevant and improper cannot be excepted to in that regard. Counsel for appellee do not contend that the statements complained of were not improper, but their only reply is that the trial court having ruled that the statements were improper, appellant has no reason to

complain further. Although the court ruled that the statements of counsel hereinbefore referred to, with others to which objections were made, were improper and warned counsel to keep within the record, and counsel in most instances immediately apologized for making them, yet neither the ruling of the court nor the apologies of counsel can remedy the injurious and prejudicial effect of such improper appeals for sympathy and inflammatory statements. *Chicago Union Traction Co. v. Lauth*, 216 Ill. 183; *Parlin & Orendorff Co. v. Scott*, 137 Ill. App. 455. The improper argument to the jury and staging of the case probably influenced it in arriving at its verdict, not only as to the amount but possibly otherwise. For the reasons indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*